**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GERALD L. ROGERS,<br><br>                         Plaintiff,<br><br>                    v.<br><br>HARVEY LLOYD PITT, SECURITIES AND EXCHANGE COMMISSION; JAMES G. NEWSOME, COMMODITY FUTURES TRADING COMMISSION; MICHAEL J. GAINES, UNITED STATES PAROLE COMMISSION,<br>                         Defendants. | Case No. 1:07cv00687 (RMC) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

**<u>Introduction and Summary</u>**

Rogers accuses the Securities and Exchange Commission ("SEC"), Commodity Futures

Trading Commission ("CFTC"), and the United States Parole Commission ("USPS") of violating

the Administrative Procedures Act by exceeding their statutory authority and allegedly engaging

in a conspiracy to deprive him of his assets and rights.  Rogers' claims against the SEC and

CFTC arise out of those agencies' prosecution of enforcement actions filed in the United States

District Court for the Northern District of Texas, which charged Rogers with violating the

federal securities laws and other laws governing financial transactions.  Rogers' claims against

the USPC arise out of the USPC's enforcement of his criminal convictions and sentence in the

United States District Court for the District of Colorado, *i.e.*, its revocation of parole.  While

Plaintiff's claims vary in some respects, all are based on the premise that the agencies lacked

statutory authority to take any actions against Rogers because the relevant district courts were

not "district courts of the United States," and therefore lacked jurisdiction to preside over the underlying actions in which Rogers was a defendant.

None of Rogers' claims can survive Defendants' motion to dismiss. To the extent Rogers is asking this Court to review and reverse decisions of the Northern District of Texas, his claims present an improper collateral attack on the final decision of another federal court, which this Court lacks jurisdiction to hear. See Small v. United States, 471 F.3d 186, 191 (D.C. Cir. 2006) ("A federal district court lacks jurisdiction to review decisions of other federal courts."). Further, Rogers has advanced his dubious interpretation of the phrase "district court of the United States" in several prior proceedings, and the doctrines of issue and claim preclusion bar him from litigating those issues again here. Rogers' claims against the USPC are a collateral attack upon his criminal conviction, and implicate the validity of his sentence. Accordingly, those claims can only be brought in a habeas action in the District of Colorado. Even if the Court reached the merits of Rogers' claims, they would be subject to dismissal under Rule 12(b)(6), because they are founded on an incorrect legal theory — namely, that the relevant Courts are not "district courts of the United States."

The arguments in Rogers' opposition memorandum provide no basis for allowing his case to proceed. Rogers fails to address most of Defendants' jurisdictional and preclusion arguments, and instead expounds upon his novel perspective on the status and identity of United States district courts. As the D.C. Circuit and other courts presented with this question have determined, that argument is groundless, and warrants summary dismissal.

## ARGUMENT

### I.     ROGERS' CLAIMS AGAINST THE CFTC AND THE CLAIMS AGAINST THE CFTC AND SEC SHOULD BE DISMISSED.

Rogers' claims against the SEC and CFTC are barred by res judicata and collateral

estoppel.  Res judicata precludes Rogers from challenging the CFTC's authority to initiate its

enforcement action and the Northern District of Texas's authority to preside over that action,

because those arguments could have been (and indeed were) raised in that proceeding.  See

Apotex, Inc. v. Food and Drug Admin., 393 F.3d 210, 217-18 (D.C. Cir. 2004); Def. MTD at 13-

14 (Dkt. Entry 12).  Collateral estoppel precludes Rogers from challenging the SEC's authority

to initiate its enforcement action and the Northern District of Texas's authority to preside over

that action, because that issue was litigated, and resolved against Rogers, in the CFTC

enforcement action.  See Yamaha Corp. of Amer. v. United States, 961 F.2d 245, 254 (D.C. Cir.

1992); Def. MTD at 16-18 (Dkt. Entry 12).  Rogers presented the same arguments in the SEC

enforcement action, and the Court's rejection of that theory will have res judicata effect once a

final judgment has been entered.  See Def. MTD at 15 & Exh. 18 (Dkt. Entry 12).

Rogers also has raised the same issue at least twice in this Court.  On May 30, 2006,

Rogers sued the United States District Court for the District of Texas, the District of Colorado,

and the United States Attorneys for those districts, arguing that they violated the Administrative

Procedures Act because neither court was a district court of the United States.  See Exh. 1 (Dkt.

to No. 06-1010 (D.D.C.)).  The Court sua sponte dismissed the claims as frivolous, and

concluded that the Northern District of Texas and the other courts were Article III district courts,

and therefore had jurisdiction to review the proceedings in which Rogers was convicted for

violating federal law.  See Rogers v. United States District Court for the District of Colorado,

No. 06-1010, 2007 WL 1087475, at *2-*3 (D.D.C. Apr. 10, 2007).  On June 15, 2006, Rogers

again sued the United States District Court for the Northern District of Texas, arguing that it was not a United States District Court.  See Rogers v. United States District Court for the Northern District of Tex., Dallas Division, No. 06-5214, 2006 WL 3498294 (D.C. Cir. Nov. 13, 2006). The Court dismissed the complaint as frivolous, and the D.C. Circuit affirmed that ruling.  See id.  Like the decision from the Northern District of Texas, that ruling collaterally estops Rogers from raising the same issue here, and the other decision from this Court will have the same effect once a final judgment is entered.  For those reasons and the additional grounds set forth in Defendants' Motion to Dismiss, Rogers simply cannot litigate those issues again here.

Rogers attempts to avoid the implications of res judicata and collateral estoppel by arguing that his jurisdictional arguments are factual allegations which must be assumed to be true at this stage of the proceedings.  See Opp. at 12-13.  However, Rogers' assertion that the Northern District of Texas is not a "district court of the United States" is a legal conclusion which turns on the interpretation of the relevant statutes.  Accordingly, the Court has no obligation to assume that those portions of the complaint are true.

## II.     THE COURT LACKS JURISDICTION TO REVIEW ROGERS' CLAIMS AGAINST THE USPC, AND HIS ARGUMENTS ALSO ARE BARRED BY RES JUDICATA.

The Court lacks jurisdiction to review Rogers' challenge to the validity of his sentence and USPC's authority to enforce the sentence, because those claims must be brought in a habeas corpus motion.  Rogers' arguments challenge the "fact [and] duration" of his sentence. Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 n. 5 (D.C. Cir. 1988) (concluding challenge to calculation of parole eligibility date was challenge to fact and duration of sentence for which habeas was exclusive remedy); see Razzoli v. Fed. Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2001) (claim that prisoner's good time credit was based on false report was challenge to duration

of custody for which habeas corpus was exclusive remedy).  Federal habeas laws are the exclusive means of presenting such arguments to a court.  See id.; Def. MTD at 19-21 (Dkt. Entry 12).

Rogers' assertion that the Court need not concern itself with the implications of its ruling, Opp. at 10, is mistaken.  If a plaintiff seeks a declaratory ruling that "would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence," habeas provides his sole remedy.  Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  Rogers' arguments clearly would have that effect because, if Rogers' interpretation of the District of Colorado's status as a "district Court of the United States" were correct, the necessary implication would be that the underlying convictions and sentence were invalid.

There are two additional independent grounds for dismissing Rogers' claims against the USPC.  Res judicata bars those claims, because they could and should have been raised in the previous habeas proceedings in the Western District of Oklahoma.  See Def. MTD at 22-23 (Dkt. Entry 12).  The claims also duplicate arguments Rogers has raised in habeas proceedings now pending in the United States District Court for the Western District of Texas.  See id. at Exh. 11; Def. MTD at 23-24 (Dkt. Entry 12).  As was true of the claims against the CFTC and SEC, there is simply no reason to permit Rogers to burden this Court and the USPC with further iterations of the same claim.

### III.    ROGERS' ASSERTION THAT THE RELEVANT COURTS ARE NOT "DISTRICT COURTS OF THE UNITED STATES" RESTS ON A MISREADING OF THE APPLICABLE LAW.

Plaintiff's claims rest on the misguided premise that the United States District Courts for the Northern District of Texas and the Northern District of Colorado are not "district courts of the United States," and therefore were not forums in which Rogers could be prosecuted for

violating federal criminal, securities, and futures trading laws.  Plaintiff appears to contend that

those courts are Article III courts, but not Article I courts, and that only Article I courts are

"district courts of the United States."  <u>See</u> Opp. at 9.  As every court that has reviewed this issue

has determined — including this Court and the D.C. Circuit — those arguments lack merit, and

should be dismissed as frivolous.  <u>See, e.g.</u>, <u>Rogers</u>, 2006 WL 3498294, at *1 (affirming district

court's dismissal of Rogers' claims as frivolous); <u>Rogers</u>, 2007 WL 1087475, at *2 (deeming

Rogers' arguments "legally baseless" and dismissing claims with prejudice); Def. MTD at Exhs.

18, 24 (Northern District of Texas orders denying Rogers' motion to dismiss) (Dkt. Entry 12).

Accordingly, Rogers' claims would be subject to dismissal under Rule 12(b)(6) even if the Court

had jurisdiction to review them and they were not barred by  <u>res judicata</u> and collateral estoppel.

**CONCLUSION**

For the reasons stated above, Defendants respectfully request that Rogers' Complaint be

DISMISSED as frivolous.

Dated: September 4, 2007                    Respectfully submitted,

    /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/  Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Bella Rozenberg
COMMODITY FUTURES TRADING
  COMMISSION
Office of General Counsel
1155 21st Street, N.W.
Washington, D.C.  20581
Phone: (202) 418-5119    Fax: (202) 418-5524
E-mail:  brozenberg@cftc.gov

Kevin Solonsky
SECURITIES AND EXCHANGE COMMISSION
Office of General Counsel
100 F Street, NE
Washington, DC 20549-9612
Phone: (202) 551-5140  Facsimile:  (202) 772-9263
E-mail:  solonskykd@sec.gov

Douglas Thiessen
UNITED STATES PAROLE COMMISSION
Office of General Counsel

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of September, 2007, I caused the foregoing Reply to

be filed via the Court's Electronic Case Filing system, and to be served upon <u>pro se</u> plaintiff by

first-class mail, postage prepaid, addressed as follows:

Gerald L. Rogers
# 12327-086
Sheridan Federal Correction Institution
PO Box 6000
Sheridan, OR 97378


      /s/   *Robin M. Meriweather*
ROBIN M. MERIWEATHER, D.C. Bar # 490114