UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD L. ROGERS,<br><br>   Plaintiff,<br><br> v.<br><br>HARVEY L. PITT, Chairman, Securities<br>and Exchange Commission, et al.,<br><br>   Defendants | )<br>)<br>)<br>)<br>)<br>)  Case Number: 1:07CV0687 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR ORDER TO SHOW CAUSE

Plaintiff has moved for judgment on the pleadings or, in the alternative, for an order directing Defendants to show cause why plaintiff should not be granted the relief sought in his complaint. See Dkt. Entry 13 at 16. Plaintiff contends that the exhibits submitted with Defendants' motion to dismiss creates a record sufficient to determine that Defendants violated the Administrative Procedure Act by pursuing claims in the Northern District of Texas and the District of Colorado which, in Plaintiff's view, are not "district courts of the United States." See id. at 15. In the alternative, Plaintiff contends that Defendants should be required to "show cause" why he should not prevail in this action. Neither motion has any merit.

Rule 12(c) permits any party to move for judgment on the pleadings "after the pleadings are closed." Fed. R. Civ. P. 12(c). The moving party must establish that there is no material factual dispute, and that it is entitled to judgment as a matter of law. Peters v. National R.R. Passenger Co., 966 F.2d 1483, 1485 (D.C. Cir. 1992). The Court may not rely on facts outside the pleadings when resolving a 12(c) motion, and must construe the complaint in the light most

favorable to the non-moving party.  See id.; Fay v. Perles, 484 F. Supp. 2d 12, 14 (D.D.C. 2007).  Where, as here, a Rule 12(c) motion relies on the administrative record or other matters outside the pleadings, it is treated as a motion for summary judgment.  See Ehrman v. United States, 429 F. Supp. 2d 61, 66 (D.D.C. 2006).  To prevail on a motion for summary judgment, Plaintiff must show that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); see also American Bioscience, Inc. v. Thompson, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (explaining that in an Administrative Procedures Act case the entire case presents a question of law which is reviewed on the basis of the administrative record).

While Defendants agree that this case is ripe for decision, Plaintiff has not come close to showing that judgment should be entered in his favor.  As explained in Defendants' Motion to Dismiss and Reply in support thereof, which are incorporated herein by reference, Plaintiff's creative interpretation of the term "district courts of the United States" is incorrect.  See Def. MTD/MSJ at 24-26 (Dkt. Entry 12).  Indeed, given his prior unsuccessful attempts to raise the same argument in this Court, the D.C. Circuit, and the Northern District of Texas, Rogers cannot even present his claims to this Court, let alone prevail.  See id. at 12-18, 22-23 (explaining why issue and claim preclusion bar Rogers' claims); Def. Reply ISO MTD/MSJ at 3-5 (discussing same) (Dkt. Entry 16).  In addition, the Court lacks jurisdiction over Rogers' challenges to the SEC's and CFTC's discretionary decision to prosecute him, USPC's enforcement of his sentence, and the claims which effectively seek appellate review of the Northern District of Texas's orders.  See Def. MTD/MSJ at 11-12, 18-23 (Dkt. Entry 12).  In sum, Plaintiff's complaint is lacking in several respects, and he is not entitled to the relief sought, or any relief whatsoever.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion for Judgment on the Pleadings Or In the Alternative for Order To Show Cause be DENIED.

Dated: September 5, 2007                                Respectfully submitted,

                                      /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                      /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Bella Rozenberg
COMMODITY FUTURES TRADING
 COMMISSION
Office of General Counsel
1155 21st Street, N.W.
Washington, D.C.  20581
Phone: (202) 418-5119   Fax: (202) 418-5524
E-mail:  brozenberg@cftc.gov

Kevin Solonsky
SECURITIES AND EXCHANGE COMMISSION
Office of General Counsel
100 F Street, NE
Washington, DC 20549-9612
Phone: (202) 551-5140  Facsimile: (202) 772-9263
E-mail: solonskykd@sec.gov

Douglas Thiessen
UNITED STATES PAROLE COMMISSION
Office of General Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September, 2007, I caused the foregoing Opposition to be filed via the Court's Electronic Case Filing system, and to be served upon pro se plaintiff by first-class mail, postage prepaid, addressed as follows:

Gerald L. Rogers
# 12327-086
POB 6000
Sheridan, OR 97378

       /s/ *Robin M. Meriweather*
ROBIN M. MERIWEATHER, D.C. Bar # 490114