UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Leave to file is granted. R.M. Collyer 9/20/07*

| | |
|---|---|
| ROGERS, : | Case # 1:07CV0687 (RMC) |
| Plaintiff, : | |
| v. : | **RECEIVED** |
| PITT, et al., : | SEP 19 2007 |
| Defendants : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY
IN SUPPORT TO DISMISS COMPLAINT
TOGETHER WITH SUPPORT FOR DEFAULT JUDGMENT**

COMES NOW, plaintiff Gerald L. Rogers in pro se and responds to the defendants' Reply Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss and to preserve the record, states as follows:

<u>**1. As a matter of this Court's own statutory jurisdictional law establishing it as both an Article I and Article III court of the United States, it must not only deny the defendant's Dismissal Motion, but grant but grant a judgment on the pleadings as requested**</u>.

Due to the irrefutable facts of law that the defendants statutory authority for jurisdiction, for the CFTC Title 7 USC 13a-1, SEC 15 USC §77t(b) and the USPC 18 USC §3231, designating the "district courts of the United States" in which their collective enforcement authority must be derived, pursuant to the D.C. Circuit in <u>Western Coal Traffic League v. Surface Transp. DB</u> 216 F 3rd 1168, 1171 citing <u>Chevron USA v. Natural Resources Defense</u> 467 US 837, 842-44 the Court held:

"We ask whether the Congress 'has directly spoken to the

> precise question at issue' id., at 842. If it has, then we are bound to give effect to the unambigously expressed intent of Congress"

The Supreme Court in <u>**Chevron USA**</u> id, possibly made the defendants' statutory authority on jurisdiction more clear.

> "Whether Congress has directly spoken to the precise question at issue" at 842, and "if Congress has done so, the inquiry is at an end..."

Here, Congress has not only spoken to the precise question at issue with its specific designation by statute that the Commissions must derive their jurisdiction authority from the "district courts of the United States" putting this inquiry to an "end", but being both an Article I and Article III court as established by Congress pursuant to the District of Columbia Code 1940 ed., Title 11 §305 "to possess the judicial power and exercise the jurisdiction of a district court of the United States" and constituted by public law "Act of June 25, 1936 49 Stat 1921 to be an Article III court, this Court must have personal knowledge due to its own status that the subject United States District Courts for the Districts of Colorado and Texas, constituted as Article III courts only under the "Judiciary Act of 1789" are not the "district courts of the United States" to which the SEC, CFTC and USPC respective jurisdicitional statutes refer.

Thus, the defendants' claim that the doctrine of **res judicata** applies pursuant to orders and judgments derived from the subject United States District Courts, is conclusively misplaced. Furthermore, this is supported by the irrefutable fact of law, not only because the subject District Courts lacked subject matter jurisdiction and to accommodate their actions, usurped the judicial power of the district courts of the United States, but because they also have not met the requisite elements to

2.

apply **res judicata**.

First, **res judicata** cannot apply due to the fact that the subject District Courts those courts have never addressed the issue of whether the Commissions were in violation of their statutory authorities under the standards set forth by Title 5 USC §706(2) et seq. And secondly, and <u>more importantly</u>, due to the fact that those courts were not "district courts of the United States" as designated by their respective Codes, even though those courts are unquestionably Article III Courts, their usurpation of judicial power renders their judgments and orders "void" **ab initio**. (See <u>Valley v. Northern Fire and Marine</u> 254 US 348.)

What is occurring here is that these Commissions have been routinely operating outside of their jurisdictional authority for so long without a challenge that they now expect this court to come to their rescue. This Court would be well within the law to dismiss this plaintiff's complaint that if they would just produce a public law or statute that supercedes their respective statutory authorities of §13a-1, 77t(b) and §3231 designating the district courts of the United States, and defers to the subject United States District Courts. And, if this Court believes Commission's counsel that this plaintiff's interpretation of the district courts of the United States and the United States District Courts are not the same, in the face of the "1948 Amendment" of the Judicial Code by Congress is "dubious", or a "novel perspective", then this plaintiff has a nice Minneapolis Bridge it wants to sell to the court. (See Federal Civil Rule 81 Notes for "1948 Amendment" excerpt distinguishing the courts with the difference of "district courts" being spelled in lower

3.

case letters for the Article I "district courts" and upper case for the Article III "District Courts").

Furthermore, what also appears to be the case, the defendants conveniently do not understand is that a judgment in this court against them will not have any effect of law to reverse the Texas District Court's SEC/CFTC judgment, nor that it will cause the USPC to grant this plaintiff habeas relief - which by law, it cannot. Pursuant to the Supreme Court in **Federal Power Commission v. Pacific Power** 83 L Ed 2d 1180, previously cited, this Court only has the authority to set aside the Commissions decisions to have brought their respective actions or are basing their respective actions on orders from the United States District Courts. Again, how those Commissions proceed against the plaintiff after a ruling that they are in violation of the statutory authority, is completely open to speculation - not the supposition proposed by counsel - i.e. if they have a legal claim against the plaintiff, then they only need to file it in the correct court.

**2. There is a marked difference between this Court imposing the prior District of Columbia court rulings to cover-up for their United States District Court colleagues than coming to the rescue of the Commissions' devolution of the laws and Constitution of the United States.**

In **Rogers v. USDC for the Northern District of Texas** #06cv 01098, to accommodate a "frivolous" ruling, the court had to falsely claim that Rogers did not base his suit on a Statutory Authority - of course, which he did, the Judiciary Act of 1789 Statute I §9. Then for the D.C. Circuit Court to dodge the issue that the USDC for the Northern District of Texas was

4.

not a "district court of the United States" in CA #06-5214, Chief Circuit Judge Ginsburg, who is now on the Daughters of the American Revolution's "Watch List", to accommodate a continuing cover-up of the District Court's usurpation of judicial power, he falsely claimed that Rogers alleged that the Texas District Court <u>was not</u> an Article III court, when Rogers did not even insinuate that it was not. Of course, the Circuit Court's ruling that the Texas District Court is indeed, an Article III court, is now to the benefit of Rogers due to the fact that it is now encumbent on the defendants to prove that the subject United States District Courts are also constituted as "district courts of the United States" as designated by their respective statutes for jurisdiction - which by law, they cannot.

And, without any further explanation of the **Rogers/Ryno v. the United States District Courts of Colorado and Texas** CA# 07-5132 as briefed in Rogers "Motion to Suspend....", it is a matter of **stare decisis** in the D.C. Circuit, the subject Article III United States District Courts are not the same Article I "district courts of the United States" as referenced by Title 18 USC §3231, and/or are endowed with the same judicial power to adjudicate "federeal statutes" as is fully explained by FCrRP Rule 54(c) "Act of Congress".

Therefore, the issue here is whether this Court is going to follow the established law, or join the defendants' seditious conspiracy to enforce federal statutes in the "states of the United States" that are neither cognizable, nor justiciable, by law, in the United States District Courts therein.

...

**3. In reality, the District of Columbia courts have not ruled that Rogers' complaints are "frivolous", but have ruled the established Supreme Court's Constitutiona Law, Congress' statutory law as promulgated and the law of the Federal Civil and Criminal Rules as promulgated by the Supreme Court are "frivolous".**

For example:

1) As decided by the Supreme Court in **Aetna Life v. Haworth** 300 US 277, that Article 3 §2 of the Constitution limits the judicial power of Article III courts to "only suits of a civil nature" is "frivolous";

2) The Supreme Court's mandate in **Glidden v. Zdanok** 8 L Ed 2d 671, 715 citing **O'Donoughue v. United States** 287 US at 546, holding that "Article 3 courts could not be endowed with administrative and legislative power....which Article I tribunals or agencies exercise", is **"frivolous"**;

3) That when Congress promulgated the District of Columbia Code 1940 ed., supra, granting this Court the judicial power of the district courts of the United States", but did not promulgate another Public Law to give the United States District Courts located in the "states of the United States", the same judicial power was a **"frivolous" mistake by Congress.**

4) That when Congress promulgated the 1948 Amendment distinguishing the difference between the "district courts of the United States ("United States district courts") and the United States District Courts with the lower case spelling of "district courts" was another Congressional **"frivolous" mistake.**

5) That when the District of Columbia Circuit Court ruled in **Hardin v. City Escrow** 797 F 2d (1988), in accord with the Supreme Court in **United States v. Alcea Band Tillamooks** 329 US 40 at 45 that "Jurisdiction provisions in federal statutes are to be strictly construed", when applied to the defendants' respective jurisdictional statutes §13a-1, 77t(b) and §3231, designating the "district courts of the United States" versus the United States District Courts, that mandate is **"frivolous"**;

6) That when the Supreme Court ruled in **Russello v. United States** 78 L Ed 2d 17, 24, effectively holding that when Congress omitted the "United States District Courts" from the defendants' respective statutory authority for jurisdiction was "intentionally and purposely, is also **"frivolous"**; and,

7) That when the Supreme Court ruled in **United States v. Cotton** 152 L Ed 2d 860, 867, held that "defects in jurisdiction require correction" and without regard to the either the Federal Civil Rule 81(e) and Federal Criminal Rule 1(a)(1), both corroborating that the "district courts of the United States ("United States district courts"), were the designated courts for the defendants' jurisdictional authority, all in conflict with the Supreme Court in **United States v. Olano** 123 L Ed 2d 508, 519 that "A court's deviation from a legal rule is error", when those Supreme Court's mandates are applied to the actions of the defendants' being filed or originating in the wrong United States District Courts is **"frivolous"**.

Therefore, if the defendants wish to avoid a Circuit precedent as the new Appellate Rule 32.1 requires, instead of prevailing on this Court to join their criminal seditious conspiracy with another act of corruption **"frivolous"** order,

7.

they should settle.

**WHEREFORE,** while this plaintiff prefers a settlement or the requisite default judgment, the DAR is anxious to view the District of Columbia Circuit Court's compliance to Appellate Rule 32.1 - especially in view of this plaintiff being in pro se.

Therefore, if this Honorable Court is predisposed to support the federal bureaucrats neo-fascist's ideology to enforce their federal statutes alleged to which Rogers has violated that are neither cognizable in the states of the United States, nor justiciable in the District Courts located in the states of the United States, then accordingly, please do so at your earliest convenience - however, because the defendants will have no legal basis for an appeal, the judgment requested would not only be in the interest of justice, but in the interest of judicial economy.

Respectfully submitted,

Gerald L. Rogers, 12327-086
P.O. Box 6000
Sheridan OR 97378-6000

CERTIFICATE OF SERVICE

I certify that I have placed into the United States mail the foregoing "Response...." to the defendants' counsel of record, AUSA Rudolph Conteras, 555 Fourth St. N.W. Washington D.C. 20530 on the 11 day of September 2007.

Declarant Gerald L. Rogers