UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD L. ROGERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARVEY L. PITT, Chairman, Securities )<br>and Exchange Commission, <u>et al.</u>, )<br>)<br>Defendants )<br>) | Case Number:  1:07CV0687 (RMC) |

## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Plaintiff Gerald Rogers has attempted to initiate discovery in this case by propounding a request for production of documents to Defendants United States Parole Commission ("USPC"), Securities and Exchange Commission ("SEC"), and Commodities and Futures Trading Commission ("CFTC").  In response, Defendants, by and through undersigned counsel, respectfully move that a protective order be entered, pursuant to Fed. R. Civ. P. 26(c).  Plaintiff's discovery requests are premature, and no discovery should be had while dispositive motions are pending.  Moreover, Plaintiff has no right to discovery in this case, which arises under the Administrative Procedures Act and federal habeas laws.  Local Rule 7(m) does not require counsel to confer with <u>pro se</u> prisoner plaintiffs, and the docket sheet lists only Plaintiff's mailing address.  Accordingly counsel for Defendants does not know Plaintiff's position on this motion.

**ARGUMENT**

I.  **PLAINTIFF'S DISCOVERY REQUESTS ARE PREMATURE BECAUSE FULLY-BRIEFED DISPOSITIVE MOTIONS ARE PENDING.**

Federal courts have broad discretion to manage the discovery process. That discretion permits courts to enter an order limiting or postponing discovery, in order to protect a party from undue burden or expense, or otherwise to promote the ends of justice. *See Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001); *see also Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38 (1st Cir. 2003) (noting that "district courts exercise broad discretion to manage discovery matters."); *Stella v. Mineta*, 147 F.3d 135, 147 (D.C. Cir. 2002) (stating that "district courts are afforded substantial discretion to manage discovery as they see fit."). Given this broad discretion, this Court "should not hesitate to exercise appropriate control over the discovery process" in this case. *Herbert v. Lambo*, 441 U.S. 153, 177 (1979); *see also* Fed. R. Civ. P. 26(c).

Plaintiff's attempt to initiate discovery at this time is premature. Defendants have filed a Motion to Dismiss, Plaintiff has opposed that motion, Defendants have filed a reply, and Plaintiff has filed a surreply. See Dkt. Entry 12 (motion); 13 (opposition); 16 (reply); 18 (surreply). Plaintiff also has filed a motion for judgment on the pleadings, which Defendants have opposed. See Dkt. Entry 14 (motion); 17 (opposition); 19 (reply). Thus, the case is fully briefed and ripe for a decision. The resolution of the dispositive motions should moot any need to respond to Plaintiff's discovery demands, thereby conserving the resources of Defendants and the United States Attorney's Office.

In light of the pending dispositive motions, staying discovery until the dispositive motion has been resolved would be an appropriate exercise of this Court's discretion. *See Chavous*, 201

F.R.D. at 2 (noting that "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion"); *Heckman v. Dep't of Agriculture*, 2005 WL 1532961, * 2 (W.D. Wash. June 24, 2005) (granting motion to stay discovery pending resolution of dispositive motion); *Howse v. Atkinson*, 2005 WL 994572, *1 (D. Kan. Apr. 27, 2005) (noting that "a court may appropriately stay discovery until a pending motion is decided where the case is likely to be fully concluded as a result of a ruling on the dispositive motion); *Tilley v. United States*, 270 F. Supp.2d 731, 734 (M.D.N.C. 2003) (staying discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion); *Anderson v. United States Attorney's Office*, 1992 WL 159186, *1 (D.D.C. June 19, 1992) (staying discovery pending resolution of pending motion to dismiss).

## II.     PLAINTIFF HAS NO ENTITLEMENT TO DISCOVERY IN THIS ACTION.

Plaintiff invokes the Administrative Procedure Act ("APA") in his complaint, and alleges that Defendants have engaged in arbitrary and capricious and unlawful conduct. However, as explained in Defendants' motion to dismiss, federal habeas laws provide the sole remedy for Plaintiff's claims against the USPC, as they collaterally attack the terms of his sentence. Neither the APA nor federal habeas laws give Plaintiff a right to fact discovery. When reviewing an agency decision pursuant to the APA, courts typically limit their examination to the administrative record, and do not permit discovery. *See* 5 U.S.C. § 706; *Friends of the Earth v. United States Dep't of Interior*, 236 F.R.D 39, 41-42 (D.D.C. 2006) (granting Defendants' motion for protective order in APA case and noting that "discovery is normally unavailable in an APA case"); *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 18-21 (D.D.C. 2002) (granting Defendant's motion for protective order in APA case and denying plaintiff's motion to

compel because review should be limited to the administrative record). Likewise, courts generally review habeas cases without discovery, and habeas petitioners must obtain leave of court prior to initiating discovery. *See, e.g.*, *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996) (noting that in habeas cases "[d]iscovery is available only if the judge in the exercise of his discretion and for good cause shown grants leave"); *Al Odah v. United States*, 329 F. Supp. 2d 106, 107-08 (D.D.C. 2004) (noting that Supreme Court precedent "ma[d]e it clear that Petitioners should have requested leave of Court before serving their deposition and document requests on Respondents" in habeas case). Accordingly, even if there were no pending dispositive motions, Plaintiff would have no right to propound discovery upon Defendants in this case.

## CONCLUSION

Defendants respectfully request that this motion for protective order be GRANTED.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of October, 2007, I caused the foregoing to be filed via the Court's Electronic Case Filing system, and to be served upon pro se plaintiff by first-class mail, postage prepaid, addressed as follows:

Gerald L. Rogers
# 12327-086
POB 6000
Sheridan, OR 97378


    /s/  *Robin M. Meriweather*
ROBIN M. MERIWEATHER, D.C. Bar # 490114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD L. ROGERS, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 1:07CV0687 (RMC) |
| HARVEY L. PITT, Chairman, Securities and Exchange Commission, et al., | ) |
| Defendants | ) |

**ORDER**

Upon consideration of Defendants' Motion for Protective Order, it is this _____ day of _____, 2007,

ORDERED that Defendants' Motion be and hereby is GRANTED;

it is further ORDERED that no discovery shall be had until this Court has resolved the pending dispositive motions.

SO ORDERED.

_____
United States District Judge