UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEARLD L. ROGERS,                :

      Plaintiff,            :

v.                               :     Case No. 1:07CV0687 (RMC)

HARVEY L. PITT, et al.,          :

      Defendants.            :

---

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

---

Comes now the plaintiff in opposition to the Defendants' Motion For A Protective Order based on the following.

I. PREMATURE DISCOVERY

**1. The SEC is falsely representing the purpose of Federal Civil Rule 26(c).**

Rule 26(c) specifically concerns a protective order for a defendant's deposition that would present an "annoyance, embarrassment, oppression or undue burden or expense", not for a procedure for the defendant to cover-up its lack of statutory authority and/or the United States District Court's lack of subject matter jurisdiction that in the Dallas case to which the defendants refer, which usurped the judicial power of their statutorially §77t(b) designated "district court of the United States".

Indeed, the SEC's own cite of **Common Sense Salmon Recovery v. Evans (Dept. of Commerce)** 217 FS 2d 17 (DDC) citing **Community for Creative Non-Violence v. Lujan** 908 F 2d at 997

quoting the Supreme Court in **Citizens to Preserve Overton Park v. Volpe** 401 US at 420 supports the plaintiff's demand that the SEC produce Public Law that supports both its statutory authority of Police power over this unregistered plaintiff and the USDC for the Norther District of Texas jurisdiction to conduct administrative proceedings without a trial by jury as is required by its controlling Statute I §9 of the Judiciary Act of 1789. Conclusively the Courts held:

> "A court may permit discovery but only in two limited circumstances: (1) when there is a showing of bad faith or improper behavior, or (2) when discovery provides the only possibility for effective judicial review and when there have been no contemporaneous administrative findings."

First, the plaintiff has met both prongs of **Common Sense**, supra.

Pursuant to the plaintiff's factual allegations, (1) the SEC's action being brought in Dallas versus in Seattle was in "bad faith" and (2) "improper" to have been brought in the Dallas USDC Article III court versus its §77t(b) designated "district court of the United States" as is corroborated to be this very Court pursuant to its established Article I jurisdiction in Rule 81(e) and the "1948 Amendment of the Judicial Code. And, this is irrefutably supported by the Supreme Court in **Glidden v. Zdanok** 8 L Ed 2d 671, 715 citing its landmark case of **O'Donoughue v. United States** 289 US at 546:

> "<u>Article 3 courts could not be endowed with the administrative and legislative powers...which Article 1 tribunals or agencies exercise.</u>"

Secondly, the only viable way or possibility for judicial review by this court that would preclude an appeal, would be

for the SEC to produce a Public Law that (1) gives it police power over parties not registered with it and (2) over parties not doing business in District of Columbia and/or other federal states as referenced in FCrRP Rules 1(b)(9).

Furthermore, because the SEC has claimed in its Motion to Dismiss that the USDC for the Northern District of Texas was a proper court to adjudicate it 3-05-CV-415 action, pursuant to the Supreme Court in **McNutt v. G.M. Acceptance** 298 US 178 (1936), it "bears the burden" to prove that the USDC in Dallas had jurisdiction but it never did - well if the court considers the SEC's opposition to the plaintiff's Motion to dismiss in that case was that the Motion should "be denied, then shredded and burned like the rubbish that it is" - see Exhibit 1 - possibly it did attempt to prove jurisdiction - like a kid caught cheating.

**2. Because the only way to controvert the "unambiguously expressed intent of Congress" (Chevron USA v. Natural Resource Defense Council, 467 US 837) in Title 15 USC §77t(b) designating the "district courts of the United States" is for the SEC to produce a Public Law granting it authority to file its actions in Article III courts also.**

In Administrative Procedure Law actions the Supreme Court in **Porter v. Investors Syndicate** 286 US 461 it was held:

> "The function of a Court under a statutory mandate is not solely judicial, that is to set aside a decision of the Commission if arbitrary or unreasonable and hence violative of Constitutional rights, where the duty is laid on the court to examine the evidence presented and either to set aside or modify or affirm the Commission's orders as the proof may require."

Here, SEC's proof requires that it did not exceed its statutory authority - because as it stands now, the SEC's Dallas suit to have a USDC to sieze the plaintiff's assets in Seattle with a

3.

United States District Court of which its judicial power is limited by both the Constitution's Article 3 §2 and the Judiciary Act of 1789 Statute I §9 to suits by the United States only in "common law" and a "trial by jury", and as corroborated by Federal Civil Rule 81(e), the USDC for the Northern District of Texas was the wrong court, the suit was conclusively in "bad faith" and "improper" - together with a due process violation.

Therefore, to accommodate proper judicial review, versus the defendants' attempt to dismiss this case for some technicality, if this court is in any way predisposed to rule for the defendants, due process requires that this court's judgment be based on specific Public Laws - not conjecture.

## II. NO ENTITLEMENT TO DISCOVERY

**1. Counsel's argument that the Habeas Rules of Discovery apply in a Title 5 USC §706(2) action is simply absurd.**

Talk about grasping at straws - the SEC must some how come to the stark realization that this action concerns its violation of its statutory authority for jurisdiction pursuant to its §77t(b) designating the "district courts of the United States" versus the Article III United States District Courts. Even though the SEC had this plaintiff put in the "hole" for 3 1/2 months to hender his defense in the Dallas case, nothing that this court can decide goes to anykind of habeas relief.

Here, the issue is simple. Is it the "unambiguously expressed intent of Congress in §77t(b) for the SEC to have brought its enforcement action against the plaintiff in a "district court of the United States" - which factually would not have had personal jurisdiction over the plaintiff?

In <u>Public Utilities Comm. v. United States</u> 2 L Ed 2d 470 concerning the prerequiste procedures before filing a APA action, the Supreme Court held:

> "The doctrine of primary jurisdiction require the complainant first to seek relief in an administrative proceeding before a remedy will be supplied by the courts."

Here, instead of the SEC conducting its own administrative proceeding against the plaintiff, it elected to have the USDC for the Northern District of Texas, an Article III court, conduct and adjudicate their proceeding for it - and obviously, a court that by its Constitutional and Judiciary Act of 1789 authority, lacked the statutory authority to conduct the SEC's administrative proceeding as was found by the Supreme Court in <u>O'Donoughue, supra</u>.

Therefore, because the Dallas 3-05-CV415-B record is void of the SEC even attempting to support that §77t(b) includes that jurisdiction can be derived from a USDC in addition to the designated Article I "district court of the United States", this plaintiff is entitled to the requested production of law to compliment the record for this court to ascertain whether the SEC/CFTC and even the Parole Commission have exceeded their statutory authority, or not. (See Exhibit 2 - Request for law)

Accordingly, as the Supreme Court held in <u>U.S. v. Procter and Gamble</u> 2 L Ed 2d 1077, "the government as a party to a civil suit is subject to discovery".

<u>2. The SEC's concern that habeas corpus relief could inure to the plaintiff when the court sets aside its decision to have filed its Dallas action, is not only equally absurd, it is totally misplaced.</u>

This is due to the fact that this plaintiff is only seeking

an order that the SEC exceeded its statutory authority when (1) it brought an enforcement action against the plaintiff who has not registered with the SEC to realize its inherent benefits, and (2) even if the SEC is endowed with police power over the plaintiff, the filing of their police action in the USDC for the Northern District of Texas does not comport to its clear and concise language of its statutorial jurisdiction authority pursuant to Title 15 USC §77t(b).

The Supreme Court in **Lehigh Valley Coop Farmers v. U.S.** 370 US 76 held:

> "After holding an administrative order invalid the U.S. Supreme Court will not attempt to forecast or hypothetically to decide what further proceedings the administrative agency may see fit to take in the light of the decision of the Supreme Court or what determination may be made by the District Court in relation."

And, the same holds true for any decision this court makes which determines that the defendants have "exceeded their statutory authority - not habeas relief for this plaintiff.

Therefore, for this court to enter an order that does nothing more than to facilitate the defendants' continuing refusal to prove that some secret law supports their collective right to bring their actions in the USDC's versus their statutorially designated "district courts of the United States" would amount to obstruction of justice.

Accordingly, as mandated in **Hardin v. City Escrow** 797 F2d 1097, in accord with the **U.S. v. Alcea Ban of Tillamooks** 329 US 40, 45 holding "Jurisdictional provisions of federal statutes are to be strictly construed", without the defendants producing superceding law to controvert their collective requirement that the "district courts of the United States shall have original jurisdiction",

(18 USC §3231), then judgment for the plaintiff must be entered.

### III. CONCLUSION

Wherefore, what this court must keep in mind is that the defendants made claims in their Motion to Dismiss - i.e. they have "absolute descretion" to bring their actions in any "federal court" and that they are "presumptively unreviewable", citing the Supreme Court in **Heckler v. Cheney** 470 US 821, 831. What the defendants failed to advise the court is that **Heckler** had nothing to do with their statutory authority concerning their jurisdictional provisions.

Therefore, with any prior proceeding between the plaintiff and the defendants being void of their proving their statutory authority together with their statutory right to file their actions in the USDC, plaintiff is entitled to have that proof of law supplementing this record. Accordingly, however, if the court already has the knowledge that the defendants cannot produce Public Laws supporting the statutes on which they rely , no protective order is needed, only a judgment in favor of this plaintiff.

Respectfully submitted,

Gerald L. Rogers 12327-086
P.O. Box 6000
Sheridan OR 97378-6000

CERTIFICATE OF SERVICE

I certify that I have placed into the United States mail the foregoing "Plaintiff's Opposition...." addresses to counsel of record
of record AUSA Rudolph Conteras 555 Fourth St. NW Washington D.C. 20530 for defendants in 1;07-CV687RMC on this 22nd day of October, 2007.

Declarant, Gerald L. Rogers

*[signature]*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

PREMIUM INCOME CORP., INFOREX, LTD.,
TRI-FOREX INTERNATIONAL, LTD.
also known as TRI-FOREX, LTD. and
INTERNATIONAL FOREX COMPANY,
GERALD LEO ROGERS also known as
JAY ROGERS and JAY RODGERS, and
ALEXANDER IGOR SHEVCHENKO,

Defendants.

Civil Action No.
3-05CV0415B

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO MOTION TO DISMISS ACTION FOR LACK OF COURT'S <u>SUBJECT MATTER JURISDICTION</u>

Defendant Gerald Roger's latest Motion, filed December 6, 2005, deserves little consideration and that is what it will receive from the SEC. Rogers' contention that this Court is not constituted under Article III of the Constitution is patently frivolous, the product, no doubt, of his penetrating discussions with the erudite jail-house lawyers at

EXHIBIT 1

the Seagoville Federal Detention Center. The Motion should be summarily denied, then shredded and burned like the rubbish that it is.

Dated and signed on the /2th day of December 2005

JEFFREY B. NORRIS
Washington, D.C. Bar No. 424258

Attorney for Plaintiff
SECURITIES & EXCHANGE COMMISSION
801 Cherry St., 19th Floor
Fort Worth, Texas 76102
Office: (817) 978-6452
Fax:   (817) 978-4927

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

GERALD L. ROGERS,               :    CASE # 1:07cv00687 (RMC)
    Plaintiff,              :
v.                              :
HARVEY L. PITT et al.,          :
    Defendants.             :

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

This first request for production of documents is being made pursuant to Federal Civil Judicial Procedures and Rules, Rule 34 as follows.

## I. REQUEST OF U.S. PAROLE COMMISSION

1. Produce the statute and its underlying public law on which you rely to enforce the subject sentences of the plaintiff in U.S. v. Rogers CR82-0292 and 84-CR-337 entered by the United Statees District Courts for the Districts of California and Colorado, respectively, which grants those U.S. District Courts the authority to substitute their Article 3 jurisdiction limited by Article III §2 of the U.S. Constitution and Statute I §9 of the Judiciary Act of 1789 for that of the designated 18 USC § §3231 "district courts of the United States", the Article I courts which "shall have original jurisdiction.

2. Produce the statute or public law on which you rely which specifically states that your Title 18 statutory authority

EXHIBIT 2

authority includes, or has been expanded to include enforcement of sentences that resulted from violations of federal statutes for which Rogers is convicted that occurred in the states of the United States, but not on federal properties nor geographical areas as described by Federal Criminal Rule 1(b)(9).

    3. Produce the Title 18 statute and its underlying public law on which you rely to supervise or control the conditions of Rogers release from prison and parole controls thereafter that (1) supercedes your statutory authority as limited by 18 USC §5 definition of "United States....in a territorial sense..." as corroborated by Federal Criminal Rule 1(b)(9) definition of "state", together with (2) supercedes the limitations for jurisdiction of Title 18 USC §3231, that your statutory authority for jurisdiction to enforce Title 18 USC §§4201 et seq., was to be derived from the Article I "district courts of the United States", which by law, only it had "original jurisdiction."

    4. Produce the minutes or memorandum of the meeting in which you adopted the Securities and Exchange Commission's complaint to "Retard" Rogers parole date of February 25, 2006 and recharge him with allegations contained in the SEC's complaint as filed in SEC v. Premium Income Corp #03-05-cv-415B.

    5. Produce the minutes or memorandum and instructions to the USPC's "hearing officer" Pat Denton to excuse the exculpatory witnesses named by Rogers for the Retardation re-hearing, "Jeffrey Norris, Cavid Nathan, FBI agent Joseph Quinn and Kelly Crawford".

    6. Produce any letters or other means of communication documentation to and/or from Jeffrey Norris, Daniel Nathan, Richard Foelbers concerning their involvement in (1) Rogers' arrest

                              2.

Ex 2

arrest in Seattle and (2) and subsequent involvement in the retarding of Rogers' release from prison.

7. Produce all legal opinions tendered in the past by your in-house counsel or others in the employment of the Attorney General of which you rely to exercise your limited statutory authority for violations of federal statutes for which Rogers is convicted.

8. Produce the names, addresses of federal parolees who have challenged your statutory authority together with their pleadings that have been filed since 1987.

9. Produce the documentation of the outcome of the prior challenges to the USPC's statutory authority for jurisdiction under 18 USC §4201 et seq., that resulted from the challenges referenced in Production Request #8.

II. **REQUEST OF SECURITIES AND EXCHANGE AND COMMODITIES FUTURE TRADING COMMISSIONS.**

1. Produce that statutes and the underlying public law that grants your respective commissions Police Power over either securities or commodities sold in the states of the United States, but have not been registered in anyway with your Commissions.

2. Produce the statutes and underlying public law on which your Commissions' rely that your regulatory authority extends to parties that are not registered in anyway with your Commissions.

3. Produce the statutes and underlying public law on which you rely that establised that the United States District Courts for any judicial district, other than the District of Columbia, "possess the judicial power and can exercise the

jurisdiction of the district courts of the United States" as promulgated by Congress in "District of Columbia Code 1940 ed., §11-305 for the United States District Court for the District of Columbia.

4. Produce the Commissions' statutory authorities and the underlying public law that supercedes your authority to file actions in the Article I "district courts of the United States" as designated by your respective statutes Title 7 USC §13a-1, and 15 USC §77t(b), with instead the Article III subject United States District Court.

5. Produce all employment agreements together with their referenced job descriptions and/or instruction manuels that contained information on which your employees SEC officer Jeffrey Norris, CFTC officers Daniel Nathan or Richard Foelber rely to file enforcement actions in behalf of your Commissions.

Done this 21st day of September, 2007 -

Respectfully submitted,

Gerald L Rogers, Plaintiff
12327-086  U-5
P.O. Box 6000
Sheridan OR 97378-6000

4.

EX 2