UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD L. ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 1:07CV0687 (RMC) |
| | ) |
| HARVEY L. PITT, Chairman, Securities | ) |
| and Exchange Commission, et al., | ) |
| | ) |
| Defendants | ) |
| | ) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

The nature and procedural posture of this case make discovery inappropriate and premature. This case arises under the Administrative Procedures Act ("APA") and federal habeas laws, and neither statutory regime gives Plaintiff a right to discovery. *See, e.g., Lonchar v. Thomas*, 517 U.S. 314, 326 (1996) (noting that in habeas cases "[d]iscovery is available only if the judge in the exercise of his discretion and for good cause shown grants leave"); *Friends of the Earth v. United States Dep't of Interior*, 236 F.R.D 39, 41-42 (D.D.C. 2006) (granting Defendants' motion for protective order in APA case and noting that "discovery is normally unavailable in an APA case"). Moreover, both parties have filed dispositive motions, which are fully briefed and ripe for decision. Thus even if this were a case in which discovery could be had, the pendency of those dispositive motions would warrant a stay of discovery. *See Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion.").

Nonetheless, Plaintiff has served a request for production of documents upon Defendants

the United States Parole Commission ("USPC"), Securities and Exchange Commission ("SEC"), and Commodities and Futures Trading Commission ("CFTC"). *See* Exh. 1 hereto. That request seeks documents from each of the Defendants, including broad requests for all legal opinions supporting the USPC's exercise of its statutory authority over individuals convicted of federal crimes, all pleadings filed since 1987 by federal parolees who have challenged the USPC's authority over them, and all employment agreements and/or personnel manuals concerning the SEC's and CFTC's authority to initiate enforcement actions. *See id.* A protective order should be entered to protect Defendants from the burden of responding to those document requests, or any other discovery Plaintiff may attempt to serve upon Defendants.

None of the arguments presented in Plaintiff's opposition brief justify the commencement of discovery in this case. The bulk of Plaintiff's opposition is irrelevant, because it repeats his merits arguments (which already have been fully briefed). Plaintiff also incorrectly states that Rule 26(c) does not permit entry of protective orders in these circumstances, and applies only to depositions. However, Rule 26(c) applies to "discovery" broadly, *see* Fed. R. Civ. P. 26(c), and this Court has broad discretion to manage the discovery process. *See Stella v. Mineta*, 147 F.3d 135, 147 (D.C. Cir. 2002). Plaintiff's remaining arguments are equally unpersuasive.

Plaintiff fails to acknowledge the fact that his complaint raises causes of action for which discovery generally may not be had. Plaintiff's claims against the SEC and CFTC arise under the APA, and he has not shown that this case warrants an exception to the general rule limiting review of APA cases to the administrative record. Habeas laws govern Plaintiff's claims against

2

the USPC,[1] because his challenge to the USPC's authority to revoke his parole seeks to alter the terms of his confinement.  *See* Dkt. Entry 12 at 19-21 (Memorandum in Support of Motion to Dismiss); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 n. 5 (D.C. Cir. 1988) (concluding challenge to calculation of parole eligibility date was challenge to fact and duration of sentence for which habeas was exclusive remedy); *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371 (D.C. Cir. 2001) (claim that prisoner's good time credit was based on false report was challenge to duration of custody for which habeas corpus was exclusive remedy).  Plaintiff's conclusory assertion that this is *not* a habeas case does not come close to rebutting the established D.C. Circuit precedent indicating that habeas is the exclusive remedy for claims such as his.  The Court lacks jurisdiction to review that habeas claim.  However, if the Court did have jurisdiction, Plaintiff could obtain discovery only upon leave of Court.  *See Al Odah v. United States*, 329 F. Supp. 2d 106, 107-08 (D.D.C. 2004) (noting that Supreme Court precedent "ma[d]e it clear that Petitioners should have requested leave of Court before serving their deposition and document requests on Respondents" in habeas case).  He cannot unilaterally commence discovery by serving document requests upon Defendants.

Finally, Plaintiff fails to explain why discovery should commence while dispositive motions are pending.  In his complaint and motion for judgment on the pleadings, Plaintiff raises *legal* questions concerning the scope of Defendants' authority to prosecute enforcement actions against him and revoke his parole.  Defendants' motion to dismiss also raises *legal* issues, which include jurisdictional arguments and the defenses of *res judicata* and collateral estoppel.  Neither

---

[1] It is unclear why the opposition brief characterizes the habeas issues as concerning the *SEC*, as Defendants' motion to dismiss and reply memorandum clearly indicate that this involves Plaintiff's claims against the *USPC*.

party needed fact discovery to brief those issues.  Further, the jurisdictional and preclusion issues identified in Defendants' motion to dismiss would make discovery particularly inappropriate, as they pertain to this Court's authority to entertain Plaintiff's claims.  Accordingly, if the Court were to find that this is the rare APA and habeas case in which discovery should be permitted, Defendants request that discovery be stayed pending resolution of the dispositive motions.  *See, e.g.*, *Chavous*, 201 F.R.D. at 2; *Heckman v. Dep't of Agriculture*, 2005 WL 1532961, * 2 (W.D. Wash. June 24, 2005) (granting motion to stay discovery pending resolution of dispositive motion).

## CONCLUSION

Defendants respectfully request that the Court exercise its discretion to enter a protective order indicating that no discovery shall be had in this case.

Dated: November 5, 2007                    Respectfully submitted,

                                                           /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                                           /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

                                                   /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, 2007, I caused the foregoing to be filed via the Court's Electronic Case Filing system, and to be served upon pro se plaintiff by first-class mail, postage prepaid, addressed as follows:

Gerald L. Rogers
# 12327-086
POB 6000
Sheridan, OR 97378

          /s/   *Robin M. Meriweather*
ROBIN M. MERIWEATHER, D.C. Bar # 490114

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GERALD L. ROGERS, | : | CASE # 1:07cv00687(RMC) |
|     Plaintiff, | : | |
| v. | : | |
| HARVEY L. PITT et al., | : | |
|     Defendants. | : | |

## NOTICE OF FIRST REQUEST FOR PRODUCTIONS OF DOCUMENTS

Due to the defendants named above lying to the court about the plaintiff to cheat him of due process of law and when that at times did not work, their stealing records out of the courthouse from the Clerk's office, plaintiff gives Notice to the court that the attached "First Request For Production of Documents has been tendered to the defendants on September 21, 2007.

Respectfully submitted

*/s/ Gerald L. Rogers*

Gerald L. Rogers, Plaintiff
12327-086   U-5
P.O. Box 6000
Sheridan OR 97378-6000

CERTIFICATE OF SERVICE

I certify that I have placed into the United States mail the foregoing pleading on the 21st day of September, 2007 to counsel AUSA

Declarant Gerald L. Rogers

*/s/ Gerald L. Rogers*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

GERALD L. ROGERS,                  :   CASE # 1:07cv00687 (RMC)

    Plaintiff,                    :

v.                                 :

HARVEY L. PITT et al.,             :

    Defendants.                   :

---

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

---

This first request for production of documents is being made pursuant to Federal Civil Judicial Procedures and Rules, Rule 34 as follows.

## I. REQUEST OF U.S. PAROLE COMMISSION

1. Produce the statute and its underlying public law on which you rely to enforce the subject sentences of the plaintiff in U.S. v. Rogers CR82-0292 and 84-CR-337 entered by the United Statees District Courts for the Districts of California and Colorado, respectively, which grants those U.S. District Courts the authority to substitute their Article 3 jurisdiction limited by Article III §2 of the U.S. Constitution and Statute I §9 of the Judiciary Act of 1789 for that of the designated 18 USC § §3231 "district courts of the United States", the Article I courts which "shall have original jurisdiction.

2. Produce the statute or public law on which you rely which specifically states that your Title 18 statutory authority

authority includes, or has been expanded to include enforcement of sentences that resulted from violations of federal statutes for which Rogers is convicted that occurred in the states of the United States, but not on federal properties nor geographical areas as described by Federal Criminal Rule 1(b)(9).

    3. Produce the Title 18 statute and its underlying public law on which you rely to supervise or control the conditions of Rogers release from prison and parole controls thereafter that (1) supercedes your statutory authority as limited by 18 USC §5 definition of "United States....in a territorial sense..." as corroborated by Federal Criminal Rule 1(b)(9) definition of "state", together with (2) supercedes the limitations for jurisdiction of Title 18 USC §3231, that your statutory authority for jurisdiction to enforce Title 18 USC §§4201 et seq., was to be derived from the Article I "district courts of the United States", which by law, only it had "original jurisdiction."

    4. Produce the minutes or memorandum of the meeting in which you adopted the Securities and Exchange Commission's complaint to "Retard" Rogers parole date of February 25, 2006 and recharge him with allegations contained in the SEC's complaint as filed in SEC v. Premium Income Corp #03-05-cv-415B.

    5. Produce the minutes or memorandum and instructions to the USPC's "hearing officer" Pat Denton to excuse the exculpatory witnesses named by Rogers for the Retardation re-hearing, "Jeffrey Norris, Cavid Nathan, FBI agent Joseph Quinn and Kelly Crawford".

    6. Produce any letters or other means of communication documentation to and/or from Jeffrey Norris, Daniel Nathan, Richard Foelbers concerning their involvement in (1) Rogers' arrest

    2.

arrest in Seattle and (2) and subsequent involvement in the retarding of Rogers' release from prison.

7. Produce all legal opinions tendered in the past by your in-house counsel or others in the employment of the Attorney General of which you rely to exercise your limited statutory authority for violations of federal statutes for which Rogers is convicted.

8. Produce the names, addresses of federal parolees who have challenged your statutory authority together with their pleadings that have been filed since 1987.

9. Produce the documentation of the outcome of the prior challenges to the USPC's statutory authority for jurisdiction under 18 USC §4201 et seq., that resulted from the challenges referenced in Production Request #8.

## II. REQUEST OF SECURITIES AND EXCHANGE AND COMMODITIES FUTURE TRADING COMMISSIONS.

1. Produce that statutes and the underlying public law that grants your respective commissions Police Power over either securities or commodities sold in the states of the United States, but have not been registered in anyway with your Commissions.

2. Produce the statutes and underlying public law on which your Commissions' rely that your regulatory authority extends to parties that are not registered in anyway with your Commissions.

3. Produce the statutes and underlying public law on which you rely that establised that the United States District Courts for any judicial district, other than the District of Columbia, "possess the judicial power and can exercise the

jurisdiction of the district courts of the United States" as promulgated by Congress in "District of Columbia Code 1940 ed., §11-305 for the United States District Court for the District of Columbia.

4. Produce the Commissions' statutory authorities and the underlying public law that supercedes your authority to file actions in the Article I "district courts of the United States" as designated by your respective statutes Title 7 USC §13a-1, and 15 USC §77t(b), with instead the Article III subject United States District Court.

5. Produce all employment agreements together with their referenced job descriptions and/or instruction manuels that contained information on which your employees SEC officer Jeffrey Norris, CFTC officers Daniel Nathan or Richard Foelber rely to file enforcement actions in behalf of your Commissions.

Done this 21st day of September, 2007 -

Respectfully submitted,

Gerald L. Rogers, Plaintiff
12327-086   U-5
P.O. Box 6000
Sheridan OR 97378-6000

4.