UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERALD L. ROGERS,                : CASE # 1:07cv00687(RMC)

      Plaintiff,       :

v.                               :

HARVEY L. PITT, et al.,          :     **RECEIVED**

      Defendants       :     NOV 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MOTION TO TAKE JUDICIAL NOTICE OF CONSTITUTIONAL LAW
CONCERNING
SEPARATION OF POWERS**

Comes now the plaintiff Gerald L. Rogers in pro se pursuant to FRCivP Rules of Evidence #201(a)(b) concerning the defendants violation of the **separation of powers** clause of the the U.S. Constitution as mandated in <u>In Re Sealed Case</u> 838 F2d 476 (D.C. Cir. 1988) in accord with the Supreme Court in <u>Flast v. Cohen</u> 392 US 83 (1968), 20 L Ed 2d 947, 959 in which the Supreme Court held:

> "The jurisdiction of federal courts is defined and limited by Article 3 of the Constitution ....restricted to cases and controversies...and in part those words defined the role assigned to the judiciary in a **tripartite allocation of power** to assure that the federal courts will not **intrude into areas committed to the other branches of government**".

Here, the defendants have attempted to invoke the limited judicial power of the Article III USDC to punish the plaintiff for alleged violations of "statutes of the United States" that by their respective statutes for jurisdiction Titles 7 USC §13a-1, 15 USC § 77t and 18 USC §3231 was to be derived from the **Article I** "district courts of the United States".

1.

Furthermore, the **Flast, id.,** Supreme Court also clearly supports that the defendants have either filed their actions or, received their orders from the wrong courts:

> "When the federal judicial power (of Article III courts) is invoked by the Legislative and Executive Branches of government, the rule against advisory opinions impliments the **separation of powers** prescribed by the Constitution and confines federal courts to the role assigned them by **Article III - see Muskrat v United States** 219 US 346 (1911)."

First, it is indisputable as to whether the Titles 7, 15 and 18 USC statutes for which plaintiff has been sued or convicted by the defendants were not promulgated by Congress pursuant to its authority derived from the U.S. Constitution **Article I §8 clause 17.**

Secondly, it is just as indisputable that the defendants' Commissions were also created by Congress pusuant to its authority derived from **Article I §8 clause 17** of U.S. Constitution.

Thirdly, due to the fact that the statutes under which the defendants seek to punish the plaintiff are all derived from Congress' authority pursuant to **Article I §8 clause 17,** it is an indisputable fact of law that the "district courts of the United States" to which the statutory authority for jurisdiction appears, as defined by the "1948 Amendment" differrentiating the "district courts of the United States/United States district courts" from that of the "**Article III United States District Courts**", with the "district courts" for the **Article I courts** as spelled in the lower case "d" and "c", conclusively, the "district courts of the United States" respectfully referenced were also created under Congress' authority prescribed by **Article I §8 clause 17.**

Therefore, because the statutes which the defendants are

2.

all attempting to enforce were created under **Article I §8 clause 17,** the defendants invoking the jurisdiction of the subject **Article III United States District Courts'** of which their judicial powers are limited to "only suits of a civil nature" as mandated by the Supreme Court in <u>Aetna Life v. Haworth 300 US 227, the defendants invoking the limited judicial power of an **Article III USDC to enforce** Article I statutes is a violation of the **separation of powers** clause of the U.S. Constitution as found in Flast v. Cohen supra - even to render an "advisory opinion".</u>

    Accordingly, the plaintiff is entitled to the relief requested by his complaint.

                                      Respectfully submitted,

                                      Gerald L. Rogers, In pro se
                                      12327-086  U-5
                                      P.O. Box 6000
                                      Sheridan OR 97378-6000

## CERTIFICATE OF SERVICE

    I certify that I have placed into the U.S. mail the foregoing pleading to the AUSA Rudolph Contreras, 555 Fourth N.W. Washington D.C. 20530 on this 8th day of November, 2007.

                                  DECLARANT, GERALD L. ROGERS