UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Let this be Filed. R.M. Colly 11/21/07

| | | |
|---|---|---|
| GERALD L. ROGERS, | : | CASE #1:07cv00687 RMC |
| Plaintiff, | : | |
| v. | : | **RECEIVED** |
| HARVEY L. PITT, et al., | : | NOV 1 9 2007 |
| Defendants. | : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

PLAINTIFF'S CONTINUING OPPOSITION TO

REPLY IN SUPPORT OF PROTECTIVE ORDER

Comes Now the plaintiff Gerald L. Rogers in his continuing opposition to the defendants' insistence that they should be protected under FRCivP Rule 26(c) from producing statutes and/or, public laws of the United States that support their non-existent statutory authority over the plaintiff based on the following.

1. <u>The defendants' attempt to hide behind an unappropriate court order to prevent production of the statutory or public law authority on which they rely, is nothing but a ploy to obstruct justice.</u>

First, in the defendants' Motion to Dismiss, they use the ploy that the plaintiff is claiming that the subject United States District Courts are not Article III courts - which of course they are and the plaintiff factually made no such claims. Then when the defendants realized the folly of their false claim, they then lied to the court that the SEC and CFTC can file their enforcement actions in "any federal district court". Now that they realize that they cannot file in 'any federal district court", they are

1.

now moving this Honorable Court to help cover-up the irrefutable fact of law, that the statutes and law that the plaintiff has requested simply do not exist - which therein lies the proof that they have collectively exceeded their statutory authorities, all in violation of the APA as proscribed by Title 5 USC §706(2) et seq.

Indeed, their claim, without an iota of statutory support, that jurisdictional authority to enforce their collective statutes can be derived from the subject Article III USDC, is their problem. This is because that it is indisputable that their statutory authorities deliniated by in Titles 7, 15, and 18, were promulgated by Congress pursuant to its authority under the U.S. Constitution's Article I §8 clause 17.  Therefore, by law,  as the plaintiff pointed out in his most recent Rule 201 Motion for the court to take judicial notice as decided by the Supreme Court in **Flast v. Cohen** 392 US 83, 20 L Ed 2d 947, 959, the defendant Commissions invoking an Article III court's limited judicial power for jurisdiction to adjudicate **Article I Statutes**, not only breaches the "tripartite allocation of power"(**separation of powers**), it exceeds the **Article III §2** judicial power of those **Article III courts** as mandated by the Supreme Court in **Aetna Life v. Haworth** 300 US 227 (1936) to be limited to "only suits of a civil nature".

Accordingly, if the Supreme Court has erred, then the defendant's must be ordered to produce the law on which supercedes the controlling jurisdictional law on which the plaintiff cites.

**Secondly,** it is the defendants, as a substitute to answering the plaintiff's complaint who have lied that their actions can be filed in "any federal district court" - contrary to the specific

language of the statutes for jurisdiction is to be derived from the "district courts of the United States". In deference to the SEC's "Amendment Act of December 4, 1987", the SEC can file its actions in "any district court of the United States", United States court in any territory, or the United States District Court for the District of Columbia", comporting to FRCivP Rule 81(e), however, the court must note that the 1987 Amendment made no provision for the SEC to file its actions in the "United States District Courts" which are clearly differentiated by the "1948 Amendment" of the Judicial Code not to be confused with their designated "district courts of the United States" in this case.

Therefore, because the thrust of the defendants defense is they have statutory authority over the plaintiff in any "federal district court", contrary to the plain language of the jurisdictional statutes, then this plaintiff is entitled to the proof that no public law and/or statutes exist to support their actions. Accordingly, it presents no burden on the defendants to simply admit that they cannot produce the documentation of the statutes and public law that supports their authority, versus for an order by this court to aid the defendants in a cover-up which will only prolong this litigation.

### 2. The Parole Commission's attempt to cover-up past jurisdictional disputes in which the petitioner prevailed, constitutes a Fifth Amendment due process/equal protection of law violation.

Again, with the plaintiff just obtaining the knowledge that the Parole Commission has settled past jurisdictional disputes, has nothing to due with habeas relief in this case. It simply only provides proof that it violated its authority on prior occasions.

Therefore, if the Parole Commission has settled other disputes for lack of statutory authority, its disclosure will only accommodate this court to enter the judgment in favor of this plaintiff - all in the interest of judicial economy.

Accordingly, due to the fact that the non-disclosure of the Commission's prior jurisdictional settlements can only serve to obstruct justice, the plaintiff is entitled to that "due process of law" documentation.

Respectfully submitted,

Gerald L. Rogers  In pro se
12327-086   U-5
P.O. Box 6000
SHERIDAN OR 97378-6000

CERTIFICATE OF SERVICE

I certify that I have placed into the U.S. Mail the foregoing pleading addressed to AUSA Rudloph Contreras, 555 Fourth Street N.W. Washington D,C, 20530 on this 9th day of November, 2007.

Declarant, Gerald L. Rogers