UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERALD L. ROGERS,                   :     No. 1:07CV0687 (RMC)

    Plaintiff,                      :     **RECEIVED**

v.                                  :     JAN 1 4 2008

HARVEY PITT, et al.                 :     NANCY MAYER WHITTINGTON, CLERK
                                              U.S. DISTRICT COURT

    Defendants                      :

---

### MOTION TO SUPPLEMENT RECORD WITH
### EVIDENCE OF SUPREME COURT LAW

---

    Comes Now the plaintiff Gerald L. Rogers in <u>pro se</u> pursuant Federal Rules of Evidence Rule 201(a), in lieu of the Court's protective order to accommodate the defendants not to disclose and/or conceal the public laws which theoretically support their alleged authority to prevail on Article III courts to adjudicate and enforce their Article I federal statutes, which pursuant to **Flast v. Cohen** (1968) 392 US 83, previously cited, mandating their enforcement actions are a violation of the **Separation of Powers Doctrine,** moves this Honorable Court to enter into the record as evidence and take Notice of the Supreme Court's Annotations to <u>Super Tire Eng. v. McCorkle</u> 40 L Ed 2d 783, "**View as to what is a case or controversy within the meaning of Article III of the federal Constitution.**"

    **First,** <u>Super Tire Annotations §3</u> at 791 the Court held:

> "An elaborate discussion as to the meaning of the terms "cases" and "controversies," as used in Article III of the Constitution, is contained in **Flast v. Cohen 392 US 83....**Noting that under Article III the judicial power of federal courts is constitutionally restricted to "cases" and "controversies", the Court pointed out that those two words "have an iceberg quality, containing

beneath their surface simplicity submerged complexities which go to the very heart of our constitutional form of government"......."and in part the words define the role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government."

Therefore, due to the Supreme Court defining the "iceberg effect" in **Aetna Life v. Haworth** 300 US 227 as being that the judicial power of the USDC Article III courts is limited to "only suit of a civil nature", unless this court overrules the Supreme Court, also in **Glidden v. Zdanok** 8 L Ed 2d at 715, citing **O'Donoughue v. United States** 287 US 546, the subject Article III courts on which the defendants rely "could not be endowed with administrative and legislative powers....."

**Second,** as also would apply to the SEC and CFTC, on page 788 §2, the Court held:

In a case of actual controversy within its (United States District Court) jurisdiction, except with respect to Federal Taxes, any court of the United States......"

i.e. If the IRS cannot enforce their Title 26 tax laws in an Article III court, neither can the SEC or CFTC have their federal statutes under Titles 15 and 7, respectively.

**Third,** in **Annotation §21 B. Criminal Matters**, the Court only alluded to habeas corpus actions - with no provisions for the prosecution of criminal indictments. I.e. With Title 28 USC §2255 being the statute promulgated to grant the United States District Courts established under Article III the authority to set aside Article I federal convictions, in the absence of a similar statute for the defendants to file their actions in Article III courts supports that they violated the Administrative Law Act as contemplated by Title 5 USC §706(2) et seq.

The defendants' violation of the **Separation of Powers Doctrine** appears to be so simple that it is evading them.

Setting aside habeas relief and considering the other side of the coin, the question arises:

> If the Commissions had personal jurisdiction over the plaintiff in District of Columbia and their actions were brought in this Court possessing the judicial power of their respective designated "district courts of the United States", would either of the subject Article III United States District Courts have had subject matter jurisdiction to set aside this Court's judgment in a subsequent action?

Conclusively, the **Separation of Powers Doctrine** proscribes the Article III courts from intruding on both the business of the Article I Commissions and this Court's Article I status.

Respectfully submitted,

Gerald L. Rogers, In pro se
12327-086  U-5
P.O. Box 6000
Sheridan OR 97378-6000

CERTIFICATE OF SERVICE

I certify that I have placed into the United States mail my "Motion to Supplement Record with Evidence of Supreme Court Law" to Robin M. Meriweather, Counsel of Record at 555 Fourth Street N.W., Washington D.C. 20530 on January 10, 2008.

Declarant,

[signature]