UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GERALD L. ROGERS, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 07-687 (RMC) |
| HARVEY LLOYD PITT, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Gerald L. Rogers has brought this action *pro se* under the Administrative Procedure Act, 5 U.S.C. § 702, against Harvey Lloyd Pitt, Chairman of the Securities and Exchange Commission ("SEC"), James E. Newsome, Chairman of the Commodities Future Trading Commission ("CFTC"), and Michael J. Gaines, Commissioner of the United States Parole Commission ("USPC"). Mr. Rogers alleges that in February 2005, defendants, in their official capacities, deprived him of his "personal assets and freedom."[1] Compl. at 2. He seeks declaratory relief. Compl. at 7-8.

Defendants move to dismiss the complaint under Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure [Dkt. No. 12]. In opposing the motion, Mr. Rogers moves for judgment on the pleadings or for an order to show cause [Dkt. No. 14]. Based upon the parties' submissions and the entire record, the Court will grant the United States's motion to dismiss and will deny Mr. Rogers's dispositive motion and his two other motions for the Court to

---

[1] Although Mr. Rogers also charges defendants with engaging in a conspiracy, he sues them in their official capacities only. Therefore, this lawsuit is properly against the United States, which, as one entity, may not be held liable for a conspiracy.

take judicial notice of Supreme Court law [Dkt. Nos. 23, 25].

## I. FACTUAL BACKGROUND

On October 22, 1990, Mr. Rogers was sentenced by the United States District Court for the District of Colorado to 25-years' imprisonment for mail fraud and securities fraud, to be served consecutively to a 10-year sentence imposed by the Central District of California on March 26, 1990. On December 1, 2000, Mr. Rogers was released to parole supervision until December 29, 2024. The USPC revoked Mr. Rogers's parole on October 21, 2003, released him to parole again on December 24, 2003, and revoked him again on August 1, 2005, based in part on the events giving rise to this action.

Mr. Rogers alleges that on February 1, 2005, upon receiving a "private complaint" from Chase Bank of Austin, Texas, regarding a deposit of $550,000 into his corporate bank account, defendants, invoking the "Patriot Act," demanded Mr. Rogers's bank records. Compl. ¶ 7. On February 20, 2005, defendants froze Mr. Rogers's personal and corporate accounts, and on February 25, 2005, "caused the U.S. Marshals to arrest" Mr. Rogers, which prevented him from "closing a $200,000,000.00 trade pending in the Saxo [Bank of Denmark] and Synthesis [Bank in Switzerland]." *Id*. ¶¶ 8-9. On February 28, 2005, defendants intercepted Mr. Rogers's letter to a friend containing "instructions on how to proceed to ultimately close out the [] currency transaction [to] prevent a loss." *Id*. ¶¶ 10-11.

On March 2, 2005, the SEC and the CFTC filed enforcement actions against Mr. Rogers in the United States District Court for the Northern District of Texas.[2] Based on the foregoing events, the USPC initiated parole revocation proceedings. Following a parole revocation hearing in May 2006, the USPC revoked Mr. Rogers's parole and allegedly "retarded

---

[2] The enforcement proceedings were brought against Premium Income Corporation, Inforex, Ltd., and Tri-Forex International, Ltd, all of which were controlled by Mr. Rogers.

[Mr. Rogers's] 1 year prison sentence . . . by changing his sentence to 10 years." Compl. ¶ 14.

## II.  LEGAL STANDARD

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Rasul v. Bush*, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  At this pleading stage, a complaint may be dismissed only upon a determination that the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint" to support the alleged violation. *Bell Atlantic Corp. v. Twombly*, ___U.S.___, 127 S.Ct. 1955, 1969 (2007) (citations omitted); *Harris v. Ladner,* 127 F.3d 1121, 1123 (D.C. Cir. 1997), *cert. denied,* 531 U.S. 1147 (2001); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## III.  ANALYSIS

Mr. Rogers challenges under the APA the statutory authority of the SEC, CTFC and USPC to enforce federal laws in federal court. *See* Compl. ¶¶ 17-25.[3]  Because Mr. Rogers is challenging agency action, the Court is satisfied that it has subject-matter jurisdiction.

Mr. Rogers claims that "the defendants knew that the orders and/or judgments on which they were relying and/or seeking were derived from either . . . the District of Colorado or Northern District of Texas – not from the 'district court of the United States'" and that "defendants substituted the United States District Courts to obtain orders, judgments, or to enforce their prior orders and judgments." Compl. ¶¶ 23-24.

---

[3] The complaint, not a model of clarity, is being construed liberally as is required of *pro se* submissions.

1. The USPC's Authority

Mr. Rogers's claim against the USPC is premised on the wholly erroneous assertion that the sentencing court, the Northern District of Colorado, lacked jurisdiction to impose the sentence enforced by the USPC. As was previously determined in this jurisdiction, Mr. Rogers's challenge to the jurisdiction of this Court's sister courts is frivolous. *See Rogers v. United States District Court for the Northern District of Texas., Dallas Division*, No. 06-5214, 2006 WL 3498294 (D.C. Cir., Nov. 13, 2006) ("The district court correctly concluded that appellant's complaint is frivolous. . . . Contrary to appellant's assertions, the United States District Court for the Northern District of Texas is an Article III court."); *Rogers v. United States District Court for the District of Colorado*, No. 06-1010, 2007 WL 1087475 (D.D.C., Apr. 10, 2007) (Sullivan, J.) ("Plaintiffs' reading of the Federal Criminal Code and the Federal Rules of Criminal Procedure lead them to the legally baseless conclusion underlying their complaint that the United States District Court for the District of Colorado and the United States District Court for the Northern District of Texas are not 'district courts of the United States' within the meaning of 18 U.S.C. § 3231."). It follows that the claim against the USPC also is frivolous. *See Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984) (the dismissal of a complaint as frivolous is warranted when the complaint lacks "an arguable basis in law and fact").

2. The CTFC's Authority

Defendants argue, *inter alia*, that Mr. Rogers's claim against the CTFC is procedurally barred. The collateral estoppel doctrine precludes the relitigation of issues previously tried and decided in a court of competent jurisdiction. It "means simply that when an

issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit," *Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970); accord *Yamaha Corp. of Am. v. U.S.*, 961 F.2d 245, 254 (D.C. Cir. 1992); *see McCord v. Bailey*, 636 F.2d 606, 609 (D.C. Cir. 1980) *cert. denied*, 451 U.S. 983 (1981) (approving the raising of collateral estoppel by a defendant who was not a party or privy to the previous action). The Northern District of Texas has ruled in favor of the CFTC on the jurisdictional issue. *United States Commodity Futures Trading Commission v. Premium Income Corporation*, 2007 WL 429092 *1 (N.D. Texas, Jan. 26, 2007) (Boyle, J.). Therefore, the Court finds that Mr. Rogers is precluded from relitigating the question.

        3. The SEC's Authority

Finally, defendants represent that the Northern District of Texas has also ruled against Mr. Rogers's challenge to the SEC's authority but the ruling is not yet final. Def.'s Mem. of P. & A. at 14-16. From the docket sheet defendants have proffered, Def.'s Ex. 16, all that remains of the SEC proceeding in Texas is the entry of final judgment, which then will have preclusive effect. The Texas court docket, of which this Court takes judicial notice, also reflects Mr. Rogers's notice of an interlocutory appeal to the United States Court of Appeals for the Fifth Circuit. The Court agrees with defendants' contention that dismissal of the complaint against the SEC is appropriate to avoid duplicative litigation. *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.").

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that the claim against the USPC is frivolous, that the claim against the CTFC is procedurally barred, and that the claim against the

SEC is duplicative of the claim pending in the federal courts in Texas. A memorializing order accompanies this Memorandum Opinion.

|  |  |
|---|---|
| Date: February 20, 2008 | /s/<br>ROSEMARY M. COLLYER<br>United States District Judge |