**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————— )
                                                          )
GERALD L. ROGERS,                                         )
                                                          )
            Plaintiff,                                    )
                                                          )
      v.                                                  )     Case Number:  1:07CV0687 (RMC)
                                                          )
HARVEY L. PITT, Chairman, Securities                      )
and Exchange Commission, et al.,                          )
                                                          )
            Defendants.                                   )
———————————————————————— )

**DEFENDANTS' MOTION TO AMEND THE COURT'S ORDER GRANTING**
**PLAINTIFF'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS, AND**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

By Court of Appeals Order dated July 16, 2008 Plaintiff's "Motion For Leave To Proceed

On Appeal In Forma Pauperis" was referred to this Court, where the motion was entered on the

docket on July 17, 2008.  Meanwhile, by minute order dated July 21, 2008, Plaintiff's motion was

granted.

Not until July 21, 2008, did counsel discover details to support the claim that Plaintiff

was ineligible for in forma pauperis status, because of prior instances in which he filed civil

actions that were dismissed as frivolous or malicious or for failure to state a claim. See 28 U.S.C.

§ 1915(g).  Accordingly, pursuant to Fed. R. Civ. P. 7, 60(a) and 60(b)(1), (2) and (6),

Defendants ask that this Court reconsider and amend the Order entered July 21, 2008, granting

Plaintiff's motion for leave to proceed on appeal without prepayment of costs.

The Prison Litigation Reform Act ("PLRA") has limited the ability of a prisoner to secure

in forma pauperis status (and thus avoid the prepayment of costs), where a prisoner (not in

imminent danger of serious physical injury) has filed at least three prior cases (including appeals)

which were dismissed as frivolous, malicious or for failure to state a claim.  See 28 U.S.C. § 1915(g); Ibrahim v. District of Columbia, 208 F.3d 1032, 1036 (D.C. Cir. 2000); Smith v. District of Columbia, 182 F.3d 25, 28-29 (D.C. Cir. 1999) (inmate with at least three strikes not permitted to proceed in forma pauperis); see also In re Smith, 114 F.3d 1247, 1250 (D.C. Cir. 1997) (prisoner may not evade PLRA requirements simply by dressing up an ordinary civil action as a petition for mandamus or prohibition or by joining it with a petition for habeas corpus).

Defendants thus submit that Plaintiff's Motion For Leave To Proceed On Appeal In Forma Pauperis (Docket Entry 32) should be denied.  Plaintiff cannot avail himself of the in forma pauperis statute because he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  Alternatively, should Plaintiff establish that one or more of the cases relied upon do not satisfy the definition of a "strike" for purposes of Section 1915(g), the Court should exercise its discretion, in light of Plaintiff's past record of frivolous and malicious filings, to deny Plaintiff's motion.

Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Even where a prisoner's past litigation does not support three so-called "strikes" under the statute, the Court may exercise its discretion to deny in forma pauperis status.

See Butler v. Department of Justice, 492 F.3d 440, 444-45 (D.C. Cir. 2007).

Here, Plaintiff has, at least, the following among the long list of Federal cases:

1.  Rogers v. United States District Court for the Northern District of Texas, Civil Action No. 06-1098 RCL (D.D.C. June 15, 2006) (dismissing case "with prejudice as frivolous"); aff'd No. 06-5214 (D.C. Cir. Nov. 13, 2006) (Exhibit 1);

2. Rogers v. United States District Court for the District of Colorado, Civil Action No. 06-1010 EGS (D.D.C. Apr. 10, 2007) (dismissing case with prejudice "for failure to state a claim upon which relief can be granted"); aff'd No. 07-5132 (D.C. Cir. Sep. 27, 2007)(Exhibit 2);

3. Rogers v. Takasugi, Civil Action No. 94-7957-JSL(Mc) (May 9, 1995 Report and Recommendation) (noting the plaintiff was a Federal prisoner and recommending dismissal of the claims, which were brought against the judges who ruled against plaintiff in his earlier litigation, and proposing a declaration that plaintiff is a vexatious litigant whose future filing should be limited),  June 26, 1995 Order (adopting the May 9, 1995 Report and Recommendation);  aff'd 100 F.3d. 964, 1996 WL 654428 (9th Cir. 1996) (affirming the pre-filing review order declaring Rogers a vexatious litigant and granting Roger's motion to dismiss the individual defendants)(Exhibit 3).

Plaintiff in each of these cases was incarcerated at the time he instituted the actions.  See Docket Reports in Exhibit 1 and Exhibit 2 (noting that Plaintiff's address was at the Sheridan Federal Correctional Institution); May 9, 1995 Report and Recommendation in Rogers v. Takasugi, Civil Action No. 94-7957-JSL(Mc) at 1 (noting the plaintiff was a Federal prisoner). The Report and Recommendation further recounts the many events that led the Court to conclude that Plaintiff is a vexatious litigant.  Id. at 1-6, 11-18.  Among those are quotations from Plaintiff's correspondence in which he advises as follows:

> You know that if there is a pro se that can follow up with the years of litigation over your people being stuborn [sic] -- I can do it.  And what is amazing, you people don't get it.  The longer I am in prison, the more this litigation becomes my sole purpose in life.  If I were on the street, with little of my money back from the other defendants, I would probably disappear....  I'll absolutely guarantee you that a bad thing only gets worse -- and this lien strategy properly developed is going to get national attention and cause a real cleanup in your sometimes tricky and dirty world. . . .  You gentlemen might give some serious

thought to settle before I really start to legally beat up on you.

Id. at 17-18.

These dismissals and findings constitute three disqualifying strikes for purposes of 28 U.S.C. § 1915(g). Alternatively, the past vexatiousness practiced by Plaintiff would warrant the Court in exercising its discretion to deny in forma pauperis status, even if it were not precluded by Section 1915(g). Indeed, given Plaintiff's history and the lack of merit to the issues Plaintiff proposes to assert on appeal,[1] the Court should make a finding that an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3)("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

Dated: July 23, 2008                    Respectfully submitted,


                                        _____/s/_____
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney


                                        _____/s/_____
                                        RUDOLPH CONTRERAS, D.C. BAR #434122
                                        Assistant United States Attorney


                                        _____/s/ Robin M. Meriweather_____
                                        ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                        Assistant United States Attorney
                                        555 Fourth St., N.W.
                                        Washington, D.C. 20530
                                        Phone: (202) 514-7198
                                        Fax: (202) 514-8780
                                        Robin.Meriweather2@usdoj.gov

---

[1] Plaintiff has proposed the following issues on appeal: "The Apelees [sic] actions were constitutionally barred; 2. The Appellees lacked Article III & 2 'Standing;' and 3. The Appellees lacked statutory authority to have filed their respective actions for lack of personal standing jurisdiction." Plaintiff's Motion For Leave To Proceed On Appeal In Forma Pauperis at 2.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of July, 2008, I caused the foregoing to be filed via

the Court's Electronic Case Filing system, and to be served upon <u>pro se</u> plaintiff by first-class

mail, postage prepaid, addressed as follows:

Gerald L. Rogers
# 12327-086
POB 6000
Sheridan, OR 97378

_____/s/_____

W. MARK NEBEKER, DC Bar #396739

APPEAL, CLOSED, PROSE-PR, TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-01098-UNA

ROGERS v. UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
Assigned to: Unassigned
Case in other court: 06-05214
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 06/15/2006
Date Terminated: 06/15/2006
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: U.S. Government
Defendant

**Petitioner**

**GERALD L. ROGERS**                    represented by   **GERALD L. ROGERS**
R12327-086
SHERIDAN FEDERAL
CORRECTIONAL INSTITUTION
P.O. Box 6000
Sheridan, OR 97378
PRO SE

V.

**Defendant**

UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF TEXAS



| Date Filed | # | Docket Text |
|---|---|---|
| 06/15/2006 | 1 | COMPLAINT against UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS filed by GERALD L. ROGERS.(ls, ) (Entered: 06/20/2006) |
| 06/15/2006 | | SUMMONS Not Issued as to UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS (ls, ) (Entered: 06/20/2006) |
| 06/15/2006 | 2 | MOTION for Leave to Proceed in forma pauperis by GERALD L. ROGERS. (ls, ) (Entered: 06/20/2006) |
| 06/15/2006 | 3 | MEMORANDUM . Signed by Judge Royce C. Lamberth on 6/14/06. (ls, ) (Entered: 06/20/2006) |
| 06/15/2006 | 4 | ORDER that plaintiff's application to proceed in forma pauperis is |

| | | |
|---|---|---|
| | | granted;Further ordered that this case is dismissed with prejudice as frivolous; This is a final appealable order. Signed by Judge Royce C. Lamberth on 6/14/06. (ls, ) (Entered: 06/20/2006) |
| 06/29/2006 | 5 | NOTICE OF APPEAL as to 3 Memorandum & Opinion, 4 Order by GERALD L. ROGERS. (td, ) (Entered: 07/06/2006) |
| 07/06/2006 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 5 Notice of Appeal (td, ) (Entered: 07/06/2006) |
| 08/03/2006 | | USCA Case Number 06-5214 for 5 Notice of Appeal filed by GERALD L. ROGERS,. (td, ) (Entered: 08/04/2006) |
| 01/16/2007 | 6 | USCA JUDGMENT (certified copy) as to 5 Notice of Appeal filed by GERALD L. ROGERS; It is hereby ordered.and adjudged that the District Court's order filed June 15, 2006 be affirmed; USCA#06-5214 (jsc) (Entered: 01/23/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/15/2008 17:47:55 | | |
| **PACER Login:** | du8142 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-01098-UNA |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

FILED

JUN 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Gerald L. Rogers, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06 1098 |
| | ) | |
| United Sates District Court for the Northern | ) | |
| District of Texas, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, which is accompanied with an application for leave to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915A, will dismiss the complaint as frivolous.

Plaintiff is a prisoner at the LaTuna Federal Prison in Anthony, Texas. He seeks a judgment declaring, *inter alia*, that defendant, the Northern District of Texas, "has not been constituted by Congress to be [an Article III court]" and that U.S. District Judge Jane Boyle therefore "lacks subject matter jurisdiction to enter a final judgment" or any other orders. Complaint at 3-4. The Northern District of Texas is authorized by 28 U.S.C. § 124(a). Because plaintiff's claim lacks "an arguable basis in law and fact," *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir.1984), the complaint will be dismissed as frivolous. A separate order of dismissal accompanies this Memorandum.

Roger C. *[signature]*
United States District Judge

Date: 6/14/06

3

**FILED**

JUN 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gerald L. Rogers,                           )
                                            )
              Plaintiff,                    )
                                            )
       v.                                   )        Civil Action No.    06 1098
                                            )
United Sates District Court for the Northern )
District of Texas,                          )
                                            )
              Defendant.                    )

ORDER

For the reasons stated in the accompanying Memorandum, it is this _14th_ day of June

2006,

ORDERED that plaintiff's application to proceed *in forma pauperis* [# 2] is GRANTED;

and it is

FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915A, this action is DISMISSED

with prejudice as frivolous.[1]  This is a final appealable Order.

Rosemary C. Collyer
United States District Judge

_____

[1]  Plaintiff is advised that the dismissal of a complaint as frivolous qualifies as a strike
under 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed  *in forma pauperis* in
federal court when certain conditions are satisfied.

4

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 06-5214

September Term, 2006

06cv01098



**MANDATE**

Pursuant to the provisions of Fed. R. App. Pro.41(a)

ISSUED:

BY: _____ Deputy Clerk

ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

Gerald L. Rogers,

Appellant

Filed On:

v.

United States District Court for Northern District of
Texas - Dallas Division,

Appellee

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED   NOV 1 3 2006

CLERK

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEFORE:**  Ginsburg, Chief Judge, and Sentelle and Henderson, Circuit
Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P.
34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed June 15, 2006,
be affirmed. The district court correctly concluded that appellant's complaint is
frivolous. See 28 U.S.C. § 1915A(b)(1). Contrary to appellant's assertions, the United
States District Court for the Northern District of Texas is an Article III court. See U.S.
Const. art. III, § 1 ("The judicial power of the United States, shall be vested in one
Supreme Court, and in such inferior courts as the Congress may from time to time
ordain and establish."); 28 U.S.C. § 124 (dividing Texas into four judicial districts,
including the Northern District); 28 U.S.C. § 132(a) ("There shall be in each judicial
district a district court which shall be a court of record known as the United States
District Court for the district."); see also 150 Cong. Rec. S6944-01 (June 17, 2004)
(confirming Jane Boyle as a United States District Judge for the Northern District of
Texas).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk
is directed to withhold issuance of the mandate herein until seven days after resolution

A True Copy:

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

___

## No. 06-5214

## September Term, 2006

of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App.
P. 41(b); D.C. Cir. Rule 41.

<u>Per Curiam</u>

CLOSED, PROSE-PR, TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-01010-EGS

ROGERS et al v. UNITED STATES DISTRICT COURTS
FOR THE CENTRAL DISTRICT OF CALIFORNIA,
DISTRICT OF COLORADO, AND NORTHERN
DISTRICT OF TEXAS, et al.
Assigned to: Judge Emmet G. Sullivan
Case in other court: 07-05132
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 05/30/2006
Date Terminated: 04/10/2007
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: U.S. Government
Defendant

### Plaintiff
**GERALD L. ROGERS**

represented by **GERALD L. ROGERS**
R12327-086
SHERIDAN FEDERAL
CORRECTIONAL INSTITUTION
P.O. Box 6000
Sheridan, OR 97378
PRO SE

### Plaintiff
**R.D. RYNO, JR.**

represented by **R.D. RYNO, JR.**
ACTION LAW
P.O. Box 3254
Seattle, WA 98114
PRO SE

V.

### Defendant
**UNITED STATES DISTRICT FOR
THE CENTRAL DISTRICT OF
CALIFORNIA, DISTRICT OF
COLORADO, AND NORTHERN
DISTRICT OF TEXAS**
*TERMINATED: 12/11/2006*

### Defendant
**UNITED STATES ATTORNEY**
*IN THOSE RESPECTIVE JUDICIAL
DISTRICTS*
*TERMINATED: 12/11/2006*



**Defendant**

**UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO**

**Defendant**

**UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF TEXAS**

**Defendant**

**UNITED STATES ATTORNEYS**
*FOR THE DISTRICTS OF
COLORADO, AND NORTHERN
DISTRICT OF TEXAS*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/30/2006 | 1 | COMPLAINT against UNITED STATES DISTRICT COURTS FOR THE CENTRAL DISTRICTS OF COLORADO AND NORTHERN DISTRICT OF TEXAS, UNITED STATES ATTORNEY (Filing fee $ 350) filed by GERALD L. ROGERS, R.D. RYNO, JR.(jf, ) (Entered: 06/05/2006) |
| 05/30/2006 | | SUMMONS (8) Issued as to UNITED STATES DISTRICT COURTS FOR THE CENTRAL DISTRICT OF CALIFORNIA, DISTRICT OF COLORADO, AND NORTHERN DISTRICT OF TEXAS, UNITED STATES ATTORNEY, U.S. Attorney and U.S. Attorney General (jf, ) . (Entered: 06/05/2006) |
| 12/08/2006 | 2 | AMENDED COMPLAINT against UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS filed by R.D. RYNO, JR.(jf, ) (Entered: 12/11/2006) |
| 02/23/2007 | 3 | MOTION for leave to file second amended complaint by GERALD L. ROGERS. (Attachments: # 1 Exhibit Second Amended Complaint)(jf, ) (Entered: 02/26/2007) |
| 04/10/2007 | 4 | ORDER granting 3 Motion for Leave to File Second Amended Complaint; sua sponte dismissing case with prejudice for failure to state a claim upon which relief can be granted; directing Clerk to enter judgment against plaintiffs and in favor of defendants. Signed by Judge Emmet G. Sullivan on April 10, 2007. (lcegs2) (Entered: 04/10/2007) |
| 04/10/2007 | 5 | MEMORANDUM OPINION. Signed by Judge Emmet G. Sullivan on April 10, 2007. (lcegs2) (Entered: 04/10/2007) |
| 04/10/2007 | 6 | SECOND AMENDED COMPLAINT against UNITED STATES ATTORNEYS, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS filed by GERALD L. ROGERS, R.D. |

| | | RYNO, JR.(jf, ) (Entered: 04/11/2007) |
|---|---|---|
| 04/19/2007 | 7 | NOTICE OF APPEAL as to 4 Order on Motion to Amend/Correct, by GERALD L. ROGERS & R.D. RYNO, JR. Fee Status: No Fee Paid. Parties have been notified. (jf, ). (Entered: 04/23/2007) |
| 04/23/2007 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 7 Notice of Appeal (jf, ) (Entered: 04/23/2007) |
| 05/01/2007 | | USCA Case Number 07-5132 for 7 Notice of Appeal filed by GERALD L. ROGERS, R.D. RYNO, JR.. (jf, ) (Entered: 05/01/2007) |
| 05/15/2007 | 9 | ORDER of USCA that appellant either pay the $455.00 filing fees to the Clerk of the District Court, or file a motion to proceed in forma pauperis re 7 Notice of Appeal filed by GERALD L. ROGERS, R.D. RYNO, JR. (erd) (Entered: 06/18/2007) |
| 06/13/2007 | 8 | ORDER of USCA (certified copy) that the appellant GERALD L. ROGERS, motion for leave to proceed on appeal in forma pauperis be referred to the United States District Court for consideration in the first instance. (erd) (Entered: 06/15/2007) |
| 06/13/2007 | 10 | MOTION for Leave to Appeal in forma pauperis by GERALD L. ROGERS (jf, ) (Entered: 06/20/2007) |
| 06/26/2007 | 11 | ORDER directing Rogers to file prison trust fund account statement by July 27, 2007. Signed by Judge Emmet G. Sullivan on June 26, 2007. (lcegs2) (Entered: 06/26/2007) |
| 06/26/2007 | | Set/Reset Deadlines: Prison Trust Fund Account Statement due by 7/27/2007. (clv, ) (Entered: 06/26/2007) |
| 07/12/2007 | 12 | PRISONER TRUST FUND ACCOUNT STATEMENT for period of six months by GERALD L. ROGERS (jf, ) (Entered: 07/16/2007) |
| 07/16/2007 | | MINUTE ORDER granting 10 Motion for Leave to Proceed on Appeal in Forma Pauperis. Signed by Judge Emmet G. Sullivan on July 16, 2007. (lcegs2) (Entered: 07/16/2007) |
| 07/23/2007 | | Supplemental Record on Appeal transmitted to US Court of Appeals re 7 Notice of Appeal (jf, ) (Entered: 07/23/2007) |
| 09/14/2007 | 13 | ORDER of USCA as to 7 Notice of Appeal filed by GERALD L. ROGERS, R.D. RYNO, JR. that pursuant to appellant's consent to collection of fees, appellant's custodian is directed to pay on appellant's behalf the initial partial filing fee of $53.92, to be withheld from appellant's trust fund account. Appellant's custodian also is directed to collect and pay from appellant's trust account monthly installments of 20 percent of the previous month's income credited to appellant's account until the full $455 docketing fee has been paid. (Attachments: # 1 Consent to Collection of Fees)(kb) (Entered: 11/05/2007) |
| 12/21/2007 | 14 | MANDATE of USCA (certified copy) as to 7 Notice of Appeal filed by GERALD L. ROGERS, R.D. RYNO, JR., it is ORDERED that the motion for suspension of rules be denied; it is FURTHER ORDERED AND ADJUDGED |

that the district court's order, filed April 10, 2007, granting a motion for leave to file second amended complaint and sua sponte dismissing the case with prejudice for failure to state a claim upon which relief can be granted, be affirmed. (USCA No. 07-5132) (kb) (Entered: 01/02/2008)

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/21/2008 11:38:08 | | |
| PACER Login: | us0850 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:06-cv-01010-EGS |
| Billable Pages: | 2 | Cost: | 0.16 |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD L. ROGERS and <br> R.D. RYNO, JR., <br><br>     Plaintiffs, <br><br>     v. <br><br> UNITED STATES DISTRICT COURT <br> FOR THE DISTRICT OF COLORADO, <br> *et al.* <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 06-1010 (EGS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ORDER

In accordance with the Memorandum Opinion issued this same day, it is hereby

**ORDERED** that plaintiffs' Motion for Leave to File Second Amended Complaint is **GRANTED**; and it is

**FURTHER ORDERED** that plaintiffs' case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted; and it is

**FURTHER ORDERED** that the Clerk of the Court shall enter judgment against plaintiffs and in favor of defendants. This is a final appealable order. *See* Fed. R. App. P. 4(a).

    **SO ORDERED.**


Signed:    **Emmet G. Sullivan**
                **United States District Judge**
                **April 10, 2007**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GERALD L. ROGERS and R.D. RYNO, JR., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 06-1010 (EGS) |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, *et al.* | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Pending before the Court is plaintiffs' Motion for Leave to File Second Amended Complaint. Upon consideration of the motion for leave to file and the underlying merits of the case, the Court **grants** the Motion for Leave to File Second Amended Complaint. Having considered the Second Amended Complaint, however, the Court *sua sponte* **dismisses the entire case with prejudice** for failure to state a claim upon which relief can be granted.

**I.    BACKGROUND**

The Second Amended Complaint alleges that the plaintiffs' indictments, prosecutions, convictions, and sentences were improper because the defendant district courts did not have statutory or constitutional jurisdiction over the criminal proceedings that led to plaintiffs' convictions. Plaintiffs seek a declaratory judgment that the defendant courts lacked either

statutory authority or subject matter jurisdiction over their criminal cases. Plaintiffs also ask that their indictments be dismissed and the judgment and commitment orders issued be declared void ab initio. In their Second Amended Complaint, plaintiffs also assert a violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, arguing that the U.S. Attorneys' Offices that prosecuted them lacked statutory authority to do so under Title 18. This violation of the APA is premised on the alleged underlying lack of authority of the defendant United States district courts to preside over cases involving violations of federal statutes.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Dismissal is not appropriate unless the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "Because a court can fully resolve any purely legal question on a motion to dismiss, there is no inherent barrier to reaching the merits at the 12(b)(6) stage." *Marshall Co. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993). Moreover, complaints may be "dismissed, *sua sponte*, if need be,

2

under Rule 12(b)(6) whenever 'the plaintiff cannot possibly win relief.'" *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Baker v. Director, United States Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam)).

### III. **ANALYSIS**

Because the Federal Rules of Civil Procedure require that leave to amend complaints be "freely given when justice so requires," Fed. R. Civ. P. 15, and because the Court has considered the allegations in the Second Amended Complaint in evaluating the merits of the case, the Court grants plaintiffs' motion for leave to file their Second Amended Complaint. The Court finds however that plaintiffs' claims are legally frivolous and therefore appropriate for *sua sponte* dismissal under Rule 12(b)(6).

Plaintiffs' reading of the Federal Criminal Code and the Federal Rules of Criminal Procedure lead them to the legally baseless conclusion underlying their complaint that the United States District Court for the District of Colorado and the United States District Court for the Northern District of Texas are not "district courts of the United States" within the meaning of 18 U.S.C. § 3231 and therefore did not have jurisdiction over their criminal cases. They further read Rule 1 of the Federal Rules of Criminal Procedure to limit the application of the Federal Rules only to "federal states," including the District of Columbia but

3

not including any territory within the individual states.
Plaintiffs therefore allege that the Federal Rules do not apply
to any district courts found in any of the fifty states of the
United States.

Section 3231 of Title 18 of the United States Code provides
that the "district courts of the United States shall have
original jurisdiction, exclusive of the Courts of the States, of
all offenses against the laws of the United States."  18 U.S.C.
§ 3231.  The United States District Courts for the Northern
District of Texas and District of Colorado are properly
constituted district courts under Article III and federal
statutes.  *See* U.S. Const. art. III, § 1 ("The judicial power of
the United States, shall be vested in one Supreme Court, and in
such inferior courts as the Congress may from time to time ordain
and establish."); 28 U.S.C. § 132(a) ("There shall be in each
judicial district a district court which shall be a court of
record known as the United States District Court for the
district."); 28 U.S.C. § 124 (dividing Texas into four judicial
districts, including the Northern District); 28 U.S.C. § 85
("Colorado constitutes one judicial district.").  Accordingly,
these courts have jurisdiction over all offenses against the laws

of the United States, including the offenses for which plaintiffs have been convicted.[1]

Federal Rule of Criminal Procedure 1 provides that the Federal Rules govern the "procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States." Fed. R. Crim. P. 1. This means that the federal rules governing indictments, grand juries, and prosecutions apply. Plaintiffs do not allege any violations of these rules. Rather, they allege that the Rules are not applicable in the defendant district courts. As discussed above, these district courts are properly constituted within the meaning of the Constitution and federal statutes. Accordingly, the Federal Rules of Criminal Procedure govern proceedings in these courts.

The district courts had jurisdiction over plaintiffs' criminal cases and plaintiffs make no allegations that the courts or the relevant U.S. Attorneys' Offices violated any statutes or constitutional protections other than those tied to the alleged lack of jurisdiction of the district courts over Title 18 offenses. Accordingly, plaintiffs have stated no claim upon which relief can be granted.

---

[1] Plaintiffs admit in their Second Amended Complaint that they were convicted for violations of federal statutes.

5

**IV.  CONCLUSION**

For the foregoing reasons, the Court grants plaintiffs'

motion to amend their complaint and, *sua sponte*, **dismisses**

**plaintiffs' case with prejudice.**  The Court directs the Clerk of

the Court to enter judgment against the plaintiffs and in favor

of the defendants.  An appropriate order accompanies this

Memorandum Opinion.


**Signed:    Emmet G. Sullivan**
**United States District Judge**
**April 10, 2007**

6

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 07-5132**                                  **September Term, 2006**

06cv01010

**Filed On: September 27, 2007**

[1069706]
Gerald L. Rogers,
                    Appellant

R. D. Ryno, Jr.,
                    Appellee

          v.

United States District Court for the District of
Colorado, et al.,
                    Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Ginsburg, Chief Judge, and Griffith and Kavanaugh, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  Upon consideration of the foregoing and the "motion for suspension of rules to grant judgment pursuant to circuit's doctrine of stare decisis," it is

**ORDERED** that the motion for suspension of rules be denied.  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order, filed April 10, 2007, granting a motion for leave to file second amended complaint and sua sponte dismissing the case with prejudice for failure to state a claim upon which relief can be granted, be affirmed.  Because a sua sponte dismissal is appropriate where it is clear "the claimant cannot possibly win relief," see Best v. Kelly, 39 F.3d 328, 331 (D.C. Cir. 1994) (citing Baker v Director, United States Parole Comm'n, 916 F.2d 725, 727 (D.C.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

——

## No. 07-5132                                September Term, 2006

Cir. 1990) (per curiam)), the district court did not abuse its discretion in dismissing the complaint.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

194, CLOSED, none

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:94-cv-07957-JSL-Mc

Gerald L Rogers v. Robert M Takasugi, et al
Assigned to: Judge J. Spencer Letts
Referred to: Magistrate Judge James W. McMahon
Demand: $600,000,000
Case in other court: LA Superior Court, BC114922
Cause: 28:1441 Notice of Removal - Civil Rights Act

Date Filed: 11/23/1994
Date Terminated: 06/26/1995
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Gerald L Rogers**

represented by **Gerald L Rogers**
REG 12327-086
37910 N. 45th Ave.
P.O. Box 1700
Phoenix, AZ 85027
PRO SE

V.

**Defendant**

**Robert M Takasugi**

represented by **Robert I Lester**
AUSA - Office of US Attorney
Civil Division
300 N Los Angeles St, Ste 7516
Los Angeles, CA 90012
213-894-2434
Email: USACAC.Civil@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steven V Wilson**

represented by **Robert I Lester**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Does**
*1 - 25*

represented by **Robert I Lester**
(See above for address)
*LEAD ATTORNEY*



GOVERNMENT
EXHIBIT
3

*ATTORNEY TO BE NOTICED*

**Defendant**

**David V Kenyon**            represented by **Robert I Lester**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Betty B Fletcher**           represented by **Robert I Lester**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cecil F Poole**            represented by **Robert I Lester**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**David R Thompson**         represented by **Robert I Lester**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sherman Finesilver**        represented by **Robert I Lester**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stephanie K Seymour**       represented by **Robert I Lester**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John P Moore**            represented by **Robert I Lester**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**J. Spencer Letts**          represented by **Robert I Lester**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Volney Brown**                                represented by **Robert I Lester**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/23/1994 | 1 | NOTICE OF REMOVAL from LA Superior Court Case Number: BC 114922 with copy of summons and complaint to Magistrate Judge Brian Q. Robbins (am) (Entered: 12/01/1994) |
| 11/23/1994 | 2 | NOTICE and ORDER of Reference to Magistrate Judge Brian Q. Robbins (am) (Entered: 12/01/1994) |
| 11/29/1994 | 4 | NOTICE by federal dfts of related case(s) L/N CV 92-4209 JSL (B). (gk) (Entered: 12/02/1994) |
| 12/01/1994 | 5 | APPLICATION by defendant Robert M Takasugi, defendant Steven V Wilson for issu of TRO and OSC re P/I. (jw) (Entered: 12/07/1994) |
| 12/01/1994 | | LODGED Prop TRO submitted by defendant Robert M Takasugi, defendant Steven V Wilson (FWD TO CRD) (jw) (Entered: 12/07/1994) |
| 12/02/1994 | 3 | ORDER RE TRANSFER PURS TO LOCAL RULE 4.3 (Related Case) by Magistrate Judge Brian Q. Robbins Case referred to Magistrate Judge Volney V. Brown . [L/N CV 92-4209 JSL (B)]. (cc: all counsel) (gk) (Entered: 12/02/1994) |
| 12/02/1994 | 6 | TEMP RESTRAINING ORDER and OSC by Magistrate Judge Volney V. Brown granting application [5-1] on or bef 12/8/94, why you, agents, servants, employees and attys and those in active concert or partcipation with you or them, shld not be restrained and enjoined frm recording or flg a lis pendens or lien or claim of lien or any other doc with any ccnty recorder's office in connection with ROobert M. Takasugi and Stephen V. Wilson erron sued as Steven V. Wilson, absent a prior written order of crt. (jw) (Entered: 12/07/1994) |
| 12/06/1994 | 7 | PROOF OF SERVICE by defendant Robert M Takasugi, defendant Steven V Wilson of TRO & OSC re preliminary injunction: the following party was svd by mail on 12/6/94, Gerald L. Rogers. (bp) (Entered: 12/09/1994) |
| 12/12/1994 | 8 | ORDER tht pla, his agents, servants, employees & attorneys & those in active concert or participation with you or them are restrained & enjoined, absent furhter ord of the crt, fromr recording or flng a lien or claim of lien, lis pendens, or any other document with any county recorder's office in connection with Robert M. Takasugi & Stephen V. Wilson, absent a prior written ord of this court. by Judge Consuelo B. Marshall (ENT 12/13/94) mld cpys & ntc. (bp) (Entered: 12/13/1994) |
| 12/12/1994 | 9 | MINUTES: On 12/12/94, dft's dlf their motion for ord dismissing the action & declaring pla a vexatious litigant. The motion was noticed for 1/3/95 bef this |

|            |    | crt. As pla remains incarcerated & unable to attend the hrng, this matter is placed off calendar & will be decided upon the papers on fl. Any opposition to the motion is ord svd & fld NLT 1/3/95. Any reply is ord svd & fld NLT 1/10/95. The matter will stand submitted as of 1/11/95. by Magistrate Judge Volney V. Brown CR: none (bp) (Entered: 12/14/1994) |
|------------|----|---|
| 12/12/1994 | 10 | NOTICE OF MOTION AND MOTION by defendant Robert M Takasugi, defendant Steven V Wilson to dismiss pla as a vexatious litigant memo of p's & a's ; motion hearing set for 1/3/95, at 9:30 am. (bp) (Entered: 12/14/1994) |
| 12/13/1994 | 13 | OPPOSITION to related transfer & motion to accept transfer of Gerald L. Rogers by plaintiff Gerald L Rogers (bp) (Entered: 12/26/1994) |
| 12/16/1994 | 11 | FIRST AMENDED COMPLAINT by plaintiff Gerald L Rogers; adding David V Kenyon, Betty B Fletcher, Cecil F Poole, David R Thompson, Sherman Finesilver, Stephanie K Seymour, John P Moore, J. Spencer Letts, Volney Brown; jury demand; summons issued (bp) (Entered: 12/19/1994) |
| 12/21/1994 | 12 | ORDER RE TRANSFER PUR TO G.O. 224 (Related Case to CV92-4209 JSL (B)) by Judge Consuelo B. Marshall Case reassigned to Judge J. S. Letts for all further proceedings (cc: all counsel) (et) (Entered: 12/22/1994) |
| 12/27/1994 | 14 | ORDER TO REASSIGN CASE(Mag Judge) by Magistrate Judge Volney V. Brown Case referred to Magistrate Judge James W. McMahon for all further proceedings (Related to CV93-7023 JSL (MC) (cc: all counsel) (et) (Entered: 12/29/1994) |
| 12/27/1994 | 15 | RECEIPT of proof of delivery by legal mail to inmate Gerald L. Rogers on 12/15/94. (bp) (Entered: 01/02/1995) |
| 12/27/1994 | 24 | RESPONSE by plaintiff Gerald L Rogers to crt's show cause ord why he should not be enjoined from filing commercial claim liens. (weap) (Entered: 05/18/1995) |
| 01/09/1995 | 16 | OBJECTIONS to RICO dft Mag Brown Adjudicating this Proceeding & Opp to mtn for ord dism actn by plaintiff Gerald L Rogers (mco) (Entered: 01/17/1995) |
| 02/02/1995 | 17 | EX PARTE APPLICATION by defendant Robert M Takasugi, defendant Steven V Wilson, defendant Betty B Fletcher to extend time to answer ; motion hearing set for <date not set> (sb) (Entered: 02/23/1995) |
| 02/06/1995 | 18 | ORDER by Judge J. S. Letts granting motion to extend time to answer [17-1] until 3/27/95 (sb) (Entered: 02/23/1995) |
| 02/14/1995 | 19 | Ex parte MOTION by plaintiff Gerald L Rogers to order the Dept of Justice not to give legal assistance to dfts for acts committed outside jurisdiction ; motion hearing set for <date not set> (dhl) (Entered: 03/10/1995) |
| 02/21/1995 | 20 | NOTICE OF MOTION AND MOTION by plaintiff Gerald L Rogers for order of writ of maandamus to order U.S. Atty to present evidence of criminal conduct by defts to grand jury and order pltf's personal appearance ; motion hearing set for <date not set> (jw) (Entered: 03/17/1995) |
| 03/24/1995 | 22 | NOTICE OF MOTION AND MOTION by defendant David V Kenyon, |

| | | defendant Betty B Fletcher, defendant Cecil F Poole, defendant David R Thompson, defendant Sherman Finesilver, defendant Stephanie K Seymour, defendant John P Moore, defendant J. Spencer Letts, defendant Volney Brown for order dismissing the action ; motion hearing set for 9:30 5/2/95 (dhl) (Entered: 05/02/1995) |
|---|---|---|
| 04/11/1995 | 21 | NOTICE OF MOTION AND MOTION by defendant David V Kenyon, defendant Betty B Fletcher, defendant Cecil F Poole, defendant David R Thompson, defendant Sherman Finesilver, defendant Stephanie K Seymour, defendant John P Moore, defendant J. Spencer Letts, defendant Volney Brown for order declaring plaintiff a vexatious litigant ; motion hearing set for 9:30 5/9/95 (dhl) (Entered: 04/13/1995) |
| 04/11/1995 | | LODGED/PROPOSED Order (FWD TO CRD) (dhl) (Entered: 04/13/1995) |
| 04/20/1995 | 23 | Obj to co-racketeer J Spencer Letts adjudicating motion and Opp by plaintiff Gerald L Rogers to motion for order dismissing the action [22-1] (dhl) (Entered: 05/02/1995) |
| 05/04/1995 | 26 | ORDER by Magistrate Judge James W. McMahon on 12/12/94, U S District Judge Consuelo B Marshall granted a preliminary injunction in this action barring the plf from recording or filing a lien or claim of lien, lis pendens, or any other document with any county recorder's office in connection with defendant Judges Takasugi & Wilson. (weap) (Entered: 05/25/1995) |
| 05/05/1995 | 25 | MINUTES: vacating hearing re motion for order declaring plaintiff a vexatious litigant [21-1] . The crt will take the mot under submission as of 5/9/95. by Magistrate Judge James W. McMahon CR: N/A (weap) (Entered: 05/18/1995) |
| 05/09/1995 | 28 | REPORT AND RECOMMENDATION of U.S. Magistrate Judge James W. McMahon (jw) (Entered: 06/02/1995) |
| 05/10/1995 | 27 | NOTICE OF FILING REPORT AND RECOMMENDATION and lodging of proposed judgment (jw) (Entered: 06/02/1995) |
| 05/24/1995 | 29 | OPPOSITION by plaintiff Gerald L Rogers to Magistrate's report & recommendation to dism case & ord that Rogers be determined a vexatious litigant [28-1] (weap) (Entered: 06/14/1995) |
| 06/26/1995 | 30 | ORDER by Judge J. S. Letts granting motion for order declaring plaintiff Gerald L Rogers a vexatious litigant [21-1] ORD prepayment of security in the amt of $2,500 to secure the payment of any costs, sanctions or other amts that may be be awd against Gerald L Rogers in such new actn. (See doc for details) (dmjr) (Entered: 06/27/1995) |
| 06/26/1995 | 31 | ORDER by Judge J. S. Letts adopting [28-1] (dmjr) (Entered: 06/27/1995) |
| 06/26/1995 | 32 | JUDGMENT AND ORDER: by Judge J. S. Letts against plaintiff Gerald L Rogers . for permanent injunction restraining pltf, etc frm recording or filing a lien or claim of lien, or lis pendens, with any County Recorder's Office in this state in connection w/any dft inthis actn or such party's cnsl. granting motion for order dismissing the action [22-1], dismissing case w/prej MD JS-6 (ENT 6/27/95) mld ntc (cc: all counsel) (dmjr) (Entered: 06/27/1995) |
| | | |

| 07/06/1995 | 33 | Letter frm plf Gerald L.Rogers w/pymnt of $210.00 for ntc(s) of app on CV 93-7023 & CV 94-7957.( Ntc of app on CV 94-7957 not rcv, $105.00 for CV 94-7957 to be hld for 30 dys.) [32-3] (fvap) (Entered: 07/10/1995) |
| 07/12/1995 | 34 | NOTICE OF APPEAL by plaintiff to 9th C/A from Dist. Court jgm ent 06/27/95. (cc: Gerald L. Rogers.) Fee: Paid. (ghap) (Entered: 07/14/1995) |
| 11/08/1996 | 36 | CERTIFIED COPY of Appellate Court Order: Appeal No 95-56054 dismissing in part, & the jgm of said district crt in this cause be & hereby is affirmed in part [34-1]. (ENT 1/23/97). (jag) (Entered: 01/23/1997) |
| 01/07/1997 | | LODGED cc 9th CCA Order (FWD TO CRD): On consideration whereof, it is now here ord & adjudged by this Crt that app is dism in part & jgm of said Dist Crt in this cause be & hereby is affirmed in part (app. #95-56054). (pjap) (Entered: 01/09/1997) |
| 01/14/1997 | 35 | MINUTES: This actn is referred to Mag/Judge McMahon for filing & spreading of USCA Mandate. by Judge J. S. Letts CR: n/a (jag) (Entered: 01/16/1997) |
| 01/16/1997 | 37 | MANDATE from Circuit Court of Appeals dismissing the appeal in part & affirming the jgm in part is hereby fld & spread upon the minutes of this USDC. (ENT 1/23/97). mld cpys. (jag) (Entered: 01/23/1997) |
| 08/07/2002 | 38 | Ntc & ORDER by Magistrate Judge James W. McMahon re filing by vexatious litigant. Dft's petn for writ of coram nobis ord that plf may not file the doc in the above-referenced matter because plf has not complied with the terms of the ord to clk of crt in Rogers v TGakasugi CV94-7957 filed 6/26/95 (dmjr) (Entered: 08/12/2002) |
| 09/30/2002 | 39 | NOTICE & ORDER RE FILING BY VEXATIOUS LITIGANT by Judge J. S. Letts: IT IS HEREBY ORDERED that plf may not file the doc presented in the above entitled matter: Dft's Petn for Writ of H/C purs to Title 28 USC Sect 2241(c)(3) for violations of the Constitution Laws & Treaties of the US (dw) (Entered: 10/02/2002) |
| 12/03/2002 | 40 | NOTICE OF APPEAL by plaintiff Gerald L Rogers to 9th C/A from Dist. Court Notc & ord fld 9/30/02 [39-1] (cc: Gerald L Rogers) Fee: Billed (dlu) (Entered: 12/09/2002) |
| 12/18/2002 | 41 | CERTIFICATE of Record Transmitted to USCA (cc: all parties) (dlu) (Entered: 12/18/2002) |
| 01/08/2003 | 42 | NOTIFICATION by Circuit Court of Appellate Docket Number appeal [40-1] 02-57147. (wdc) (Entered: 01/08/2003) |
| 04/10/2003 | | LODGED CC 9th CCA JGM Appeal is dismissed. (02-57147) (FWD TO CRD) (cbr) (Entered: 04/21/2003) |
| 04/14/2003 | 43 | CERTIFIED COPY of Appellate Court Order: It is now here ordered and adjudged by this Court that the APPEAL [40-1] (Appeal No. 02-57147) in this cause be and hereby is dismissed (dw) (Entered: 04/15/2003) |
| 04/14/2003 | 44 | MANDATE from Circuit Court of Appeals: THE COURT ORDERS that the |

| | | |
|---|---|---|
| | | mandate of the 9th CCA Dismissing Appeal is hereby filed and spread upon the minutes of this US District Court (dw) (Entered: 04/15/2003) |
| 11/08/2005 | 45 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge J. Spencer Letts. Petition for Writ of Habeas Corpus 2241-Transfer-In. Court order is needed to file a new action. It is ORDERED that plaintiff may not file the document presnted in the above referenced matter.(bg, ) (Entered: 11/17/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/21/2008 12:58:17 | | |
| **PACER Login:** | us0850 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:94-cv-07957-JSL-Mc End date: 7/21/2008 |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

1
2
3
4
5
6
7

```
            FILED
   CLERK, U.S. DISTRICT COURT

       MAY _ 9 1995

   CENTRAL DISTRICT OF CALIFORNIA
   BY                       DEPUTY
```

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11    GERALD L. ROGERS,              )    Case No. CV 94-7957-JSL(Mc)
                                     )
12                   Plaintiff,      )    REPORT AND RECOMMENDATION OF
                                     )
13    vs.                            )    UNITED STATES MAGISTRATE JUDGE
                                     )
14    ROBERT M. TAKASUGI, et al.,    )
                                     )
15                   Defendants      )
      ───────────────────────────────)

16

17        This Report and Recommendation is submitted to the Honorable J.

18    Spencer Letts, United States District Judge, pursuant to the

19    provisions of 28 U.S.C. Section 636 and General Order 194 of the

20    United States District Court for the Central District of California.

21                            BACKGROUND

22        The plaintiff, Gerald Rogers, is a federal prisoner.  On October

23    21, 1994, he filed a complaint in the Superior Court of California for

24    the County of Los Angeles for breach of contract and violation of his

25    federal civil rights.  On November 23, 1994, the defendants, United

26    States District Judges Robert M. Takasugi and Stephen V. Wilson,

27    removed the action to federal court pursuant to 28 U.S.C. sections

28    1441(a) and 1442(a)(3).

On December 12, 1994, United States District Judge Consuelo B. Marshall granted a preliminary injunction barring the plaintiff from recording or filing a lien or claim of lien, lis pendens, or any other document with any County Recorder's Office in connection with defendants Judges Takasugi and Wilson. The injunction was granted on the ground that the plaintiff had made written threats to record a lien and lis pendens against the defendants.

On December 12, 1994, defendants Judges Takasugi and Wilson filed a "Motion of Defendants for Order Dismissing the Action and Declaring Plaintiff a Vexatious Litigant." The plaintiff was ordered to file an opposition no later than January 3, 1995. The plaintiff filed a late opposition to the motion on January 9, 1995.

In the meantime, the plaintiff filed a first amended complaint on December 16, 1994.[1] The first amended complaint adds the following nine federal judges as defendants: United States Court of Appeals Judges Betty B. Fletcher, Cecil F. Poole, David R. Thompson, Stephanie K. Seymour and John P. Moore; United States District Judges David V. Kenyon, Sherman G. Finesilver and J. Spencer Letts; and United States Magistrate Judge Volney V. Brown ("the nine additional defendants").

On March 24, 1995, the nine additional defendants filed a motion to dismiss. In this second motion to dismiss, defendants Judges Takasugi and Wilson noted that the first amended complaint "adds no

---

[1]     Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Because a motion to dismiss pursuant to Rule 12 is not considered a responsive pleading, the plaintiff's first amended complaint was properly filed. See St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1374 (9th Cir. 1981); Judge William W. Schwarzer, Judge A. Wallace Tashima & James M. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial §8:376, at p. 8-69 (The Rutter Group 1993).

1 substantial new allegations" against them, and therefore they "stand
2 by their December 12, 1994, pending motions." Accordingly, the court
3 deems the motion filed by defendants Takasugi and Wilson on December
4 12, 1994, as a motion to dismiss the first amended complaint, and will
5 consider both motions to dismiss at this time.

6     On April 11, 1995, the nine additional defendants filed a motion
7 to declare the plaintiff a vexatious litigant. This motion is
8 considered in conjunction with the motion to declare the plaintiff a
9 vexatious litigant filed by defendants Judges Takasugi and Wilson on
10 December 12, 1994.

11 FACTS

12     In 1987, the plaintiff was convicted of twenty-nine counts of
13 mail and tax fraud in the United States District Court for the Central
14 District of California (case no. CR 82-0292-RMT). Defendant Judge
15 Takasugi presided at this trial. On October 4, 1993, defendant Judges
16 Fletcher, Poole and Thompson of the Ninth Circuit Court of Appeals
17 affirmed the conviction. However, finding that the plaintiff did not
18 properly waive his right to counsel at sentencing, the Ninth Circuit
19 remanded the case to Judge Takasugi for resentencing. United States
20 v. Rogers, No. 90-50184, 1993 U.S. App. LEXIS 26297 (9th Cir. Oct. 4,
21 1993). (A copy of this unpublished memorandum disposition is attached
22 as exhibit A to the motion to dismiss filed by the nine additional
23 defendants on March 24, 1995.)

24     Prior to the resentencing, the plaintiff filed a motion to recuse
25 Judge Takasugi. This motion was denied by defendant Judge Wilson.
26 Judge Takasugi then resentenced the plaintiff.

27     In 1990, the plaintiff was convicted of thirteen counts of mail
28 fraud and securities violations in the United States District Court

3

for the District of Colorado (case no. 84-CR-337). Defendant Judge
Finesilver presided at the plaintiff's trial. The Tenth Circuit Court
of Appeals affirmed the conviction on nine of the thirteen counts.
United States v. Rogers, 960 F.2d 1501 (10th Cir. 1992), cert.
denied, ___ U.S. ___, 113 S. Ct. 817, 121 L. Ed. 2d 689 (1992).

In the first amended complaint, the plaintiff alleges that the
defendants breached a contract with the plaintiff by violating their
oath of office, and that they aided and abetted in a conspiracy under
the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18
U.S.C. section 1961 et seq., resulting in a violation of the
plaintiff's constitutional rights. The plaintiff alleges that the
conspiracy began when various federal agencies began investigating his
business activities, which included the sale of tax shelter
investments in businesses located in foreign countries. The plaintiff
alleges that the investigation eventually led to his unlawful
convictions for tax and mail fraud. As a result of these activities,
the plaintiff alleges that he has been deprived of $650 million in
assets.

In particular, the plaintiff alleges that defendant Judge
Takasugi conspired to cause the plaintiff to waive his right to a jury
trial, denied the plaintiff access to exculpatory evidence, unlawfully
found the plaintiff guilty of the tax and mail fraud crimes, refused
to recuse himself upon resentencing the plaintiff, sentenced the
plaintiff to an illegal term, and wrongfully dismissed the plaintiff's
motion to vacate the sentence pursuant to 28 U.S.C. section 2255. The
plaintiff further alleges that, in connection with a civil action,
Commodity Futures Trade Commission v. Rogers, case no. CV 90-0332-RMT,
Judge Takasugi illegally ordered the seizure of $3 million in assets

4

1   from the plaintiff. (First Amended Complaint at 5, 8-10).

2       The plaintiff alleges that defendant Judge Wilson wrongfully

3   denied the plaintiff's motion to recuse Judge Takasugi prior to

4   resentencing. (First Amended Complaint at 11).

5       Defendant Judges Fletcher, Poole and Thompson allegedly affirmed

6   the plaintiff's conviction in violation of his due process and equal

7   protection rights. (First Amended Complaint at 11-12).

8       After Judge Takasugi recused himself from the plaintiff's civil

9   action, defendant Judge Kenyon was assigned to the case (Commodity

10   Futures Trade Commission v. Rogers, case no. CV 90-0332-Kn). The

11   plaintiff alleges that Judge Kenyon wrongfully denied the plaintiff's

12   counterclaim and discovery requests, and denied him the right to a

13   jury trial. (First Amended Complaint at 12-14).

14       The plaintiff alleges that defendant Judge Finesilver wrongfully

15   denied the plaintiff's request for an injunction, denied the

16   plaintiff's requests for production of evidence, denied the

17   plaintiff's motion barring prosecution on double jeopardy grounds,

18   "shouted the plaintiff down" during trial, wrongfully caused two key

19   defense witnesses to become unavailable to testify, wrongfully caused

20   the jury to convict the plaintiff, and interfered with the plaintiff's

21   appeal by instructing the court reporter to destroy portions of the

22   transcript in the plaintiff's criminal trial. (First Amended

23   Complaint at 6, 14-17).

24       The plaintiff alleges that defendant Judges Seymour and Moore of

25   the Tenth Circuit Court of Appeals acted unlawfully by failing

26   properly to investigate the plaintiff's allegation that Judge

27   Finesilver tampered with his trial transcript. (First Amended

28   Complaint at 17-18).

1   Finally, the plaintiff alleges that defendants Judge Letts and

2   Magistrate Judge Brown conspired to deprive him of his rights by

3   wrongfully dismissing his civil rights complaint in case no. CV 92-

4   4209-JSL(Mc), by issuing rulings against him in his second civil

5   rights action, case no. CV 93-7023-JSL(Mc), and by granting

6   injunctions preventing him from filing liens against the defendants in

7   those actions.   (First Amended Complaint at 19-21).

8                           DISCUSSION

9   A.   Motion to Dismiss.

10      The defendants assert that the first amended complaint should be

11  dismissed pursuant to Rule 12(b)(1), (2), (3) & (6) of the Federal

12  Rules of Civil Procedure on the following grounds: the defendants are

13  entitled to absolute judicial immunity and qualified immunity, the

14  claims are not cognizable, the court lacks personal jurisdiction over

15  certain defendants, and venue is improper.

16      1.   Judicial Immunity.

17      Judges are absolutely immune from suits for money damages for

18  acts performed in their official capacities.   Mireles v. Waco, 502

19  U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)(per curiam); Dennis

20  v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980),

21  cert. denied, 449 U.S. 1021, 101 S. Ct. 588, 66 L. Ed. 2d 483 (1980);

22  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986)(en banc).   In

23  addition, judicial immunity bars declaratory and injunctive relief

24  against federal judges.   Atkinson-Baker & Assocs. v. Kolts, 7 F.3d

25  1452, 1454 (9th Cir. 1993); Mullis v. United States Bankruptcy Court,

26  828 F.2d 1385, 1394 (9th Cir. 1987), cert. denied, 486 U.S. 1040, 108

27  S. Ct. 2031, 100 L. Ed. 2d 616 (1988).

28      "Judicial acts are those involving the performance of the

6

1  function of resolving disputes between parties, or of authoritatively

2  adjudicating private rights." Atkinson-Baker & Assocs., 7 F.3d at

3  1454 (quoting Antoine v. Byers & Anderson, Inc., ___ U. S. ___, 113 S.

4  Ct. 2167, 2171, 124 L. Ed. 2d 391 (1993)). "Judicial immunity applies

5  'however erroneous the act may have been, and however injurious in its

6  consequences it may have proved to the plaintiff.'" Ashelman, 793

7  F.2d at 1075 (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106

8  S. Ct. 496, 88 L. Ed. 2d 507 (1985)). Furthermore, "judicial immunity

9  is not overcome by allegations of bad faith or malice." Mireles, 502

10 U.S. at 11.

11      A judge is subject to liability only when: 1) the challenged

12 action was "not taken in the judge's judicial capacity"; or 2) the

13 challenged action was taken "in the complete absence of all

14 jurisdiction." Id. at 11-12. "A clear absence of all jurisdiction

15 means a clear lack of all subject matter jurisdiction." Mullis, 828

16 F.2d at 1389. An action taken by a judge in excess of his or her

17 authority "cannot be said to have been taken in the absence of

18 jurisdiction." Mireles, 502 U.S. at 13.

19      The alleged acts of the defendants involve the defendants'

20 resolution of legal disputes arising in the plaintiff's criminal and

21 civil actions. The defendants acted within the scope of their

22 authority in performing these acts. Furthermore, in each case the

23 defendants had subject matter jurisdiction over the litigation at

24 issue.

25      The plaintiff contends that the doctrine of judicial immunity

26 does not apply to the claims he has alleged under RICO.

27      Federal courts "have proceeded on the assumption that common-law

28 principles of legislative and judicial immunity were incorporated into

7

1   our judicial system and that they should not be abrogated absent clear

2   legislative intent to do so." Pulliam v. Allen, 466 U.S. 522, 529,

3   104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984). As discussed above, judges

4   are absolutely immune from civil liability for judicial acts.

5   However, judges do not enjoy immunity from criminal liability. See

6   O'Shea v. Littleton, 414 U.S. 488, 503, 94 S. Ct. 669, 38 L. Ed. 2d

7   674 (1974).

8       The fact that judges may be held criminally liable for violating

9   RICO in no way suggests that Congress intended to give civil RICO

10  plaintiffs a remedy not available to those who sue judges in other

11  civil matters.  There is no indication that in enacting RICO, Congress

12  intended to deprive judges of the immunity to which they are generally

13  entitled by settled legal principles.

14      Thus, all of the defendants are absolutely immune from suit, and

15  the first amended complaint should be dismissed on this ground.

16      2.   Qualified Immunity.

17      The defendants also assert that they are entitled to qualified

18  immunity from suit.  In view of this court's conclusion that the

19  defendants are entitled to absolute judicial immunity, it is not

20  necessary to consider the qualified immunity argument.

21      3.   Cognizability of the Claims.

22      To the extent that the first amended complaint can be construed

23  as an attack on the plaintiff's underlying criminal convictions, the

24  defendants contend that the plaintiff is barred from pursuing this

25  claim until he can show that his convictions have been invalidated.

26      "[I]n order to recover damages for allegedly unconstitutional

27  conviction or imprisonment, or for other harm caused by actions whose

28  unlawfulness would render a conviction or sentence invalid, a section

8

1   1983 plaintiff must prove that the conviction or sentence has been

2   reversed on direct appeal, expunged by executive order, declared

3   invalid by a state tribunal authorized to make such determination, or

4   called into question by a federal court's issuance of a writ of habeas

5   corpus." Heck v. Humphrey, ___ U. S. ___, 114 S. Ct. 2364, 2372, 129

6   L. Ed. 2d 383 (1994). A civil rights claim challenging the legality

7   of a conviction or the length of confinement that has not been so

8   invalidated is not cognizable. Id.

9        "Thus, when a state prisoner seeks damages in a section 1983

10  suit, the district court must consider whether a judgment in favor of

11  the plaintiff would necessarily imply the invalidity of his conviction

12  or sentence; if it would, the complaint must be dismissed unless the

13  plaintiff can demonstrate that the conviction or sentence has already

14  been invalidated." Id. Although Heck addressed a state prisoner's

15  claim under 28 U.S.C. section 1983, it has been interpreted to apply

16  to Bivens actions brought by federal prisoners. Stephenson v. Reno,

17  28 F.3d 26, 27 (5th Cir. 1994); see also Ting v. United States, 927

18  F.2d 1504, 1511 (9th Cir. 1991)(noting the general trend of

19  incorporating section 1983 law into Bivens suits).

20       In the first amended complaint, the plaintiff indicates that he

21  has two motions pending under 28 U.S.C. section 2255 in the federal

22  courts in Los Angeles and Colorado. (First Amended Complaint at 25).

23  An exhibit attached to the "Plaintiff's Opposition to Motion of

24  Defendants for Order Dismissing the Action," filed on April 20, 1995,

25  indicates that the Colorado District Court denied the plaintiff's

26  section 2255 petition on January 30, 1995. Thus, at this time the

27  plaintiff's convictions have not been invalidated. Therefore, to the

28  extent the plaintiff challenges the legality of the underlying

9

1  convictions, his claims are not cognizable and the first amended

2  complaint should be dismissed.

3      4.  _Personal Jurisdiction_.

4      Defendants Judges Finesilver, Seymour and Moore assert that this

5  court lacks personal jurisdiction over them because their alleged acts

6  took place in Denver, Colorado.

7      A federal court must apply the personal jurisdiction law of the

8  state in which it sits.  _Draper v. Coombs_, 792 F.2d 915, 923 (9th Cir.

9  1986).  California law provides that courts "may exercise jurisdiction

10 on any basis not inconsistent with the Constitution of this state or

11 of the United States."  Cal. Code Civ. Proc. § 410.10.  In order to

12 establish personal jurisdiction over Judges Finesilver, Seymour and

13 Moore, the plaintiff must show that these defendants had certain

14 minimal contacts with California sufficient to satisfy traditional

15 notions of fair play and substantial justice.  _See International Shoe_

16 _Co. v. Washington_, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95

17 (1945); _Gilbert v. DaGrossa_, 756 F.2d 1455, 1459 (9th Cir. 1985); _Data_

18 _Disc, Inc. v. Systems Technology Assocs._, 557 F.2d 1280, 1286-87 (9th

19 Cir. 1977).

20     The plaintiff does not allege that Judges Finesilver, Seymour or

21 Moore reside in California or transacted business or committed

22 tortious acts in California.  _See Gilbert_, 756 F.2d at 1459 (finding

23 court lacked jurisdiction in _Bivens_ action over federal employees sued

24 in Washington state for acts occurring in New York and New Jersey).

25 Because Judges Finesilver, Seymour and Moore lack the requisite

26 minimum contacts with California, the first amended complaint should

27 be dismissed against them for lack of personal jurisdiction.

28     5.  _Venue_.

10

1     Defendants Judges Finesilver, Seymour and Moore also assert that

2    because the plaintiff challenges actions taken by them in Denver,

3    venue is improper in Los Angeles.

4     Venue in this case is proper in a judicial district in which a

5    substantial part of the events or omissions giving rise to the claim

6    occurred.  28 U.S.C. § 1391(b)(2).  The plaintiff alleges that the

7    actions of some of the defendants took place in Los Angeles.

8    Therefore, venue is proper.

9     6.   <u>Summary</u>.

10    The defendants' motions to dismiss should be granted on the

11    grounds of absolute judicial immunity, lack of cognizability of the

12    claims to the extent the first amended complaint challenges the

13    plaintiff's underlying convictions, and lack of personal jurisdiction

14    as to defendants Judges Finesilver, Seymour and Moore.  It is apparent

15    that the plaintiff cannot cure the deficiencies of the first amended

16    complaint.  Therefore, this action should be dismissed with prejudice.

17    See <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th

18    Cir. 1988); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

19    B.   <u>Motion to Declare the Plaintiff a Vexatious Litigant</u>.

20    The defendants seek an order declaring the plaintiff to be a

21    vexatious litigant and restricting his ability to file future actions

22    in this court.

23    Pursuant to 28 U.S.C. section 1651(a), a district court has the

24    authority to issue a pre-filing order restricting a litigant's ability

25    to file an action in the court.  <u>DeLong v. Hennessey</u>, 912 F.2d 1144,

26    1147 (9th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1001, 111 S. Ct. 562, 112

27    L. Ed. 2d 569 (1990); <u>Moy v. United States</u>, 906 F.2d 467, 469 (9th

28    Cir. 1990).  In the Central District of California, Local Rule 27A

1   specifically addresses the procedures to be followed in issuing a pre-

2   filing order against a vexatious litigant.

3       Local rule 27A provides that "[i]t is the policy of the Court to

4   discourage vexatious litigation and to provide persons who are

5   subjected to vexatious litigation with security against the costs of

6   defending against such litigation and appropriate orders to control

7   such litigation." L.R. 27A.1.

8       Before issuing a pre-filing order, the court must provide notice

9   and an opportunity to be heard. L.R. 27A.2. Upon finding "that the

10  litigant to whom the order is issued has abused the Court's process

11  and is likely to continue such abuse," the court may

12      order a party to give security in such amount as the Court

13      determines to be appropriate to secure the payment of any

14      costs, sanctions or other amounts which may be awarded

15      against a vexatious litigant, and may make such other orders

16      as are appropriate to control the conduct of a vexatious

17      litigant.  Such orders may include, without limitation, a

18      directive to the Clerk not to accept further filings from

19      the litigant without payment of normal filing fees and/or

20      without written authorization from a judge of the Court or a

21      Magistrate Judge, issued upon such showing of the evidence

22      supporting the claim as the judge may require.

23  L.R. 27A.2 & 27A.3.

24      "An order limiting a prisoner's access to the courts must be

25  designed to preserve his right to adequate, effective and meaningful

26  access to the courts while preserving the court from abuse."

27  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990)(quoting Franklin

28  v. Murphy, 745 F.2d 1221, 1231-32 (9th Cir. 1984)).  In issuing such

                                    12

1  an order, this court must adhere to the following guidelines: 1) the

2  plaintiff must be given adequate notice and an opportunity to oppose

3  the order; 2) the court must present an adequate record for review by

4  listing the case filings and motions that support the order; 3) the

5  court must make substantive findings as to the frivolousness or

6  harassing nature of the plaintiff's filings; and 4) the order must be

7  narrowly tailored to remedy only the plaintiff's particular abuses.

8  O'Loughlin, 920 F.2d at 617; DeLong, 912 F.2d at 1147-48.

9      1.    Notice.

10     As noted above, defendants Judges Takasugi and Wilson filed a

11  motion for an order declaring the plaintiff to be a vexatious litigant

12  on December 12, 1994.  The plaintiff filed a late opposition to this

13  motion on January 9, 1995.  The nine additional defendants filed a

14  motion to declare the plaintiff a vexatious litigant on April 11,

15  1995.  The plaintiff filed opposition to the motion to dismiss on

16  April 20, 1995, but this opposition does not address the vexatious

17  litigant motion.  The plaintiff received adequate notice and an

18  opportunity to be heard.

19     2.    Case Filings.

20     The record must show that the cases and motions filed by the

21  plaintiff were numerous or abusive.  DeLong, 912 F.2d at 1147.

22     In addition to the current case, the plaintiff filed two prior

23  civil rights complaints in this court.  In the first case, Rogers v.

24  United States, case no. CV 92-4209-JSL(Mc), the plaintiff alleged that

25  forty-eight defendants violated the plaintiff's constitutional rights

26  and RICO in connection with the investigation that led to his

27  convictions for mail and tax fraud.  The complaint was dismissed with

28  leave to amend pursuant to Rule 8(a).  The plaintiff subsequently

13

1  filed a first, second, and third amended complaint.  Judgment was
2  entered dismissing the case with prejudice pursuant to Rule 41(b) of
3  the Federal Rules of Civil Procedure on October 31, 1994.

4      While the first case was still pending, the plaintiff filed the
5  second case on November 19, 1993, Rogers v. United States, case no. CV
6  93-7023-JSL(Mc).  The plaintiff alleged that the second case "updates
7  the conspiracy" alleged in case no. CV 92-4209-JSL(Mc), and that the
8  evidence, facts, and overt acts "are essentially the same" as those
9  alleged in CV 92-4209-JSL(Mc).  The plaintiff was given leave to amend
10 his complaint twice.  This court has filed a final report and
11 recommendation recommending that the second case be dismissed pursuant
12 to Rules 8(a) and 41(b) of the Federal Rules of Civil Procedure.

13     The current case was filed on October 21, 1994, in state court,
14 prior to dismissal of the first two cases.  The plaintiff's persistent
15 filing of new actions based on the same set of related facts while the
16 former actions are still pending demonstrates a pattern of abusive
17 filings.  Furthermore, the plaintiff's attempt to avoid the
18 jurisdiction of this court by filing the current federal claims in
19 state court reinforces the conclusion that the plaintiff is abusing
20 the court system.

21     The plaintiff also filed a complaint against defendant Judge
22 Fletcher in the Superior Court of Washington, alleging that Judge
23 Fletcher breached her oath of office by affirming his conviction.
24 (Defendants' Motion for an Order Declaring the Plaintiff a Vexatious
25 Litigant filed April 11, 1995, ex. A) [hereinafter "Defendants'
26 Vexatious Litigant Motion"].  The fact that this case alleges the same
27 claim against Judge Fletcher as the current federal case is further
28 evidence of the plaintiff's abuse of the court system.

1    3.    Frivolousness or Harassing Nature of the Filings.

2        In considering the frivolousness of the plaintiff's filings, the

3    filings must not only be numerous, but also "patently without merit."

4    Moy, 906 F.2d at 470; see DeLong, 912 F.2d at 1148.    In the

5    alternative, the court may determine that the filings show a pattern

6    of harassment.    DeLong, 912 F.2d at 1148.    A pattern of harassment is

7    shown when the filing of similar types of actions constitutes an

8    intent to harass the defendant or the court.    Id. at 1148 n.3.    In the

9    plaintiff's case, it is not possible to conclude that all of the

10    filings are patently without merit.    However, the court finds that the

11    filings demonstrate a pattern of harassment.

12        As discussed above, the plaintiff filed three actions, including

13    the current case, alleging that his federal civil rights were

14    violated.    Each additional action was filed while the former action

15    was still pending, and each action arises out of the same set of

16    operative facts, i.e., the defendants' activities in investigating,

17    prosecuting and adjudicating the plaintiff's criminal cases and

18    related civil actions.    Thus, the number and content of these lawsuits

19    indicates an intent to harass.

20        Furthermore, in each action the plaintiff adds additional

21    defendants.    His current first amended complaint, naming the judges

22    who entered judgments against him, indicates that the plaintiff

23    intends to continue widening the circle of defendants to include any

24    party whose actions adversely affect him.    By letters dated November

25    30, 1994, and January 11, 1995, the plaintiff also threatened to file

26    additional actions against defendant Judge Takasugi in state court and

27    before the United States Supreme Court.    In the second letter, the

28    plaintiff threatened to sue Justices Sandra Day O'Connor and Ruth

15

1  Bader Ginsburg if they do not grant him relief.  (Defendants'

2  Vexatious Litigant Motion, exs. F & G).  These facts demonstrate that

3  the plaintiff intends to continue the harassment.

4      In addition, the plaintiff threatened to file liens against the

5  defendants in case no. CV 92-4209-JSL(Mc) and case no. CV 93-7023-

6  JSL(Mc), as well as defendants Judges Takasugi and Wilson in the

7  current case.  This court issued a permanent injunction barring the

8  plaintiff from filing liens in case no. CV 92-4209-JSL(Mc).  This

9  court issued preliminary injunctions barring the plaintiff from filing

10  liens in case no. CV 93-7023-JSL(Mc) and in the current case.  The

11  pending report and recommendation in case no. CV 93-7023-JSL(Mc)

12  recommends granting a permanent injunction in that case.

13      Notwithstanding these injunctions, the plaintiff successfully

14  recorded a lien for $600 million against defendant Judge Fletcher in

15  Washington state.  In Colorado, the plaintiff recorded a lien for $50

16  million against defendants Judges Finesilver, Seymour and Moore, Judge

17  Clarence A. Brimmer, and two Assistant United States Attorneys

18  ("AUSAs") involved in his Colorado criminal prosecution, AUSA Thomas

19  O'Rourke and former AUSA Gerald Rafferty.  (Defendants' Vexatious

20  Litigant Motion, exs. J, K, L & M).  AUSAs O'Rourke and Rafferty are

21  two of the defendants protected by the injunctions issued in case nos.

22  CV 92-4209-JSL(Mc) and CV 93-7023-JSL(Mc).  By letter dated April 4,

23  1995, the plaintiff also threatened to file a lis pendens in Los

24  Angeles County against AUSA Leon Weidman, a defendant protected by the

25  injunction issued in case no. CV 93-7023-JSL(Mc).  (Defendants'

26  Vexatious Litigant Motion, ex. O).  The plaintiff's threats and

27  recording of liens further indicates an attempt to harass the

28  defendants.

1     The plaintiff also threatened to bring lawsuits against attorneys
2  involved in his criminal and civil actions.   By letters dated June 4,
3  1994, and June 30, 1994, the plaintiff threatened to file a section
4  1983 claim and a lien or lis pendens against AUSA Stephen Mansfield
5  unless Mansfield recommended dismissing the Los Angeles criminal
6  action (case no. CR 82-0292-RMT) prior to the resentencing hearing.
7  (Defendants' Vexatious Litigant Motion, exs. B & C).   By letter dated
8  July 5, 1994, the plaintiff threatened to file an action and a lien
9  against AUSA Robert Lester unless Lester discontinued his
10  representation of the defendants in the plaintiff's second civil
11  rights action, case no. CV 93-7023-JSL(Mc).   (Defendants' Vexatious
12  Litigant Motion, ex. D).

13     Any remaining doubt about the plaintiff's intent to harass the
14  defendants, potential new defendants, and the court by filing lawsuits
15  and related liens, is resolved by the plaintiff himself.   In a letter
16  addressed to AUSA Lester and received in the United States Attorney's
17  office in July 1994, the plaintiff wrote:

18          You know that if there is a pro se that can follow up
19       with the years of litigation over your people being stuborn
20       [sic] -- I can do it.   And what is amazing, you people don't
21       get it.   The longer I am in prison, the more this litigation
22       becomes my sole purpose in life.   If I were on the street,
23       with a little of my money back from the other defendants, I
24       would probably disappear....   I'll absolutely guarantee you
25       that a bad thing only gets worse -- and this lien strategy
26       properly developed is going to get national attention and
27       cause a real cleanup in your sometimes tricky and dirty
28       world....   You gentlemen might give it some serious thought

1   to settle before I really start to legally beat up on you.

2   (Defendants' Vexatious Litigant Motion, ex. E).

3   This letter clearly outlines the plaintiff's intent to continue

4   misusing the court system unless the court takes protective measures.

5   To preclude future harassment, a pre-filing order preventing the

6   plaintiff from filing similar actions is merited.

7   4.   Narrowly Tailored Remedy.

8   A pre-filing restrictive order "must be narrowly tailored to

9   closely fit the specific vice encountered." DeLong, 912 F.2d at 1148.

10  Unless justified, a general order barring a plaintiff from filing any

11  action is inappropriate.   See O'Loughlin, 920 F.2d at 618; Delong, 912

12  F.2d at 1148; Moy, 906 F.2d at 470-71.   Rather, the order should be

13  tailored to restrict the types of actions the plaintiff may file, or

14  to prevent filings against certain parties.   See O'Loughlin, 920 F.2d

15  at 618 (inferring that because plaintiff's filings consisted of civil

16  rights complaints and habeas corpus petitions, the pre-filing order

17  should not encompass more than future attempts to file civil rights

18  complaints and habeas corpus petitions); Moy, 906 F.2d at 471

19  (modifying pre-filing order to prevent future filings against certain

20  defendants).

21  As described above, the plaintiff's litigation to date has been

22  based on the theory that the defendants acted wrongfully in connection

23  with his criminal convictions for mail and tax fraud and with his

24  prior civil rights complaints in this district, case nos. CV 92-4209-

25  JSL(Mc) and CV 93-7023-JSL(Mc).   An order barring the plaintiff from

26  filing certain types of actions or from naming certain defendants

27  would not be effective to address his particular abuses because his

28  claims have included breach of contract, civil rights and RICO

18

1  violations, and the group of named defendants constantly expands to

2  include anyone involved in each subsequent piece of litigation.

3  Therefore, it is recommended that the pre-filing order restrict the

4  plaintiff from filing future actions asserting claims arising out of

5  his criminal convictions or the related civil actions filed in this

6  district, unless he can demonstrate that his criminal convictions have

7  been invalidated, as required by Heck, 114 S. Ct. 2364.

8       To accomplish this goal, it is further recommended that the court

9  issue an order that the Clerk of the Court not accept any further

10 actions from the plaintiff for filing unless the filing is authorized

11 in writing by a judge or magistrate judge of this court, and the

12 action is accompanied by a declaration by the plaintiff and a deposit

13 of security in an appropriate amount.

14                        RECOMMENDATION

15      IT IS RESPECTFULLY RECOMMENDED that the Court issue an Order:

16      (1) approving and adopting this Report and Recommendation;

17      (2) granting a permanent injunction restraining and enjoining the

18 plaintiff, his agents, servants, employees and attorneys and those in

19 active concert or participation with them, from recording or filing a

20 lien or claim of lien, or lis pendens, with any County Recorder's

21 Office in this state in connection with any defendant in this action

22 or such party's counsel;

23      (3) granting the defendants' motions to dismiss the First Amended

24 Complaint;

25      (4) granting the defendants' motions to declare the plaintiff a

26 vexatious litigant;

27      (5) dismissing this action with prejudice; and

28      (6) directing that:

1        (a)   The Clerk of the Court shall not accept for filing any

2   new complaint naming Gerald L. Rogers as a plaintiff and asserting

3   claims arising out of his criminal conviction in the United States

4   District Court for the Central District of California, case no. CR 82-

5   0292-RMT, his criminal conviction in the United States District Court

6   for the District of Colorado, case no. CR 84-CR-337, or his civil

7   actions in the United States District Court for the Central District

8   of California, case nos. CV 92-4209-JSL(Mc), CV 93-7023-JSL(Mc) and CV

9   94-7957-JSL(Mc) without:

10               (i) the presentation of a separate application for

11  leave to file bearing the caption "Application Seeking Leave to File

12  Complaint" which shall include a copy of this court's Order to the

13  Clerk of the Court in this action;

14               (ii) prior written authorization from a United States

15  District Judge or a United States Magistrate Judge upon such showing

16  of evidence supporting the claim as the judge may require;

17               (iii) a signed declaration by Gerald L. Rogers

18  describing facts that demonstrate that his criminal convictions have

19  been invalidated as required by Heck v. Humphrey, 114 S. Ct. 2364, 129

20  L. Ed. 2d 383 (1994); and

21               (iv) payment of normal filing fees; and

22               (v) the prepayment of security in the amount of $2,500

23  to secure the payment of any costs, sanctions or other amounts that

24  may be awarded against Gerald L. Rogers in such new action.

25       (b)   Upon the removal from state court to this court or upon

26  the transfer from another federal court to this court of any action

27  naming Gerald L. Rogers as a plaintiff and asserting claims arising

28  out of his criminal conviction in the United States District Court for

20

1 | the Central District of California, case no. CR 82-0292-RMT, his
2 | criminal conviction in the United States District Court for the
3 | District of Colorado, case no. CR 84-CR-337, or his civil actions in
4 | the United States District Court for the Central District of
5 | California, case nos. CV 92-4209-JSL(Mc), CV 93-7023-JSL(Mc) and CV
6 | 94-7957-JSL(Mc), the plaintiff shall immediately present a separate
7 | application for leave to proceed bearing the caption "Application
8 | Seeking Leave to Proceed With Action" which shall include a copy of
9 | the court's Order to the Clerk of the Court in this action.

10 |

11 | Dated:  May 9 , 1995

12 |

13 |

14 |                         JAMES W. McMAHON
                        UNITED STATES MAGISTRATE JUDGE



FILED
CLERK, U.S. DISTRICT COURT

JUN 2 6 1995

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GERALD L. ROGERS,                    )
                                     )
                Plaintiff,           )    Civil No. CV 94-7957-JSL (Mc)
                                     )
        v.                           )
                                     )    ORDER ADOPTING REPORT AND
ROBERT M. TAKASUGI,                  )    RECOMMENDATION OF UNITED
et al.,                              )    STATES MAGISTRATE JUDGE
                                     )
                Defendants.          )
_____ )

        Pursuant to 28 U.S.C. section 636(b)(1)(B), the Court has

reviewed the pleadings and other papers herein, the Report and

Recommendation of the United States Magistrate Judge, and the

objections thereto, and approves and adopts the Magistrate Judge's

findings, conclusions and recommendations.  The Court has made a de

novo determination of those portions of the report to which objection

has been made.

        IT IS ORDERED that the Clerk shall serve copies of this

Order and the Judgment by United States Mail on the plaintiff and

counsel for the parties.

Dated: 6/23/95


_____
J. SPENCER LETTS
United States District Judge

31

LODGED

MAY ○ 1995

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY



FILED

JUN 26 1995

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GERALD L. ROGERS,                    )
                                     )
            Plaintiff,               )
                                     )    Civil No. CV 94-7957-JSL (Mc)
      v.                             )
                                     )
ROBERT M. TAKASUGI,                  )    ORDER TO THE CLERK OF THE
et al.,                              )    COURT
                                     )
            Defendants.              )
                                     )

        The motion of the defendants for an Order declaring plaintiff Gerald L. Rogers a vexatious litigant is granted.

        The Clerk of the Court shall not accept for filing any new complaint naming Gerald L. Rogers as a plaintiff and asserting claims arising out of his criminal conviction in the United States District Court for the Central District of California, case no. CR 82-0292-RMT, his criminal conviction in the United States District Court for the District of Colorado, case no. CR 84-CR-337, or his civil actions in the United States District Court for the Central District of California, case nos. CV 92-4209-JSL(Mc), CV 93-7023-JSL(Mc) and CV 94-7957-JSL(Mc) without:

            (i) the presentation of a separate application for leave to file bearing the caption "Application Seeking Leave to File Complaint" which shall include a copy of this Order to the Clerk of

1

1 | the Court;

2 | (ii) prior written authorization from a United States

3 | District Judge or a United States Magistrate Judge upon such showing

4 | of evidence supporting the claim as the judge may require;

5 | (iii) a signed declaration by Gerald L. Rogers

6 | describing facts that demonstrate that his criminal convictions have

7 | been invalidated as required by Heck v. Humphrey, 114 S. Ct. 2364, 129

8 | L. Ed. 2d 383 (1994);

9 | (iv) payment of normal filing fees; and

10 | (v) the prepayment of security in the amount of $2,500

11 | to secure the payment of any costs, sanctions or other amounts that

12 | may be awarded against Gerald L. Rogers in such new action.

13 | Upon the removal from state court to this court or upon the

14 | transfer from another federal court to this court of any action

15 | naming Gerald L. Rogers as a plaintiff and asserting claims arising

16 | out of his criminal conviction in the United States District Court for

17 | the Central District of California, case no. CR 82-0292-RMT, his

18 | criminal conviction in the United States District Court for the

19 | District of Colorado, case no. CR 84-CR-337, or his civil actions in

20 | the United States District Court for the Central District of

21 | California, case nos. CV 92-4209-JSL(Mc), CV 93-7023-JSL(Mc) and CV

22 | 94-7957-JSL(Mc), the plaintiff shall immediately present a separate

23 | application for leave to proceed bearing the caption "Application

24 | Seeking Leave to Proceed With Action" which shall include a copy of

25 | this court's Order to the Clerk of the Court.

26 | Dated:

27 |

28 |

Spencer Letts

J. SPENCER LETTS
United States District Judge

2





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GERALD L. ROGERS,                    )
                                     )
                Plaintiff,           )
                                     )
        v.                           )    Civil No. CV 94-7957-JSL (Mc)
                                     )
ROBERT M. TAKASUGI,                  )
et al.,                              )        JUDGMENT
                                     )
                Defendants.          )
                                     )

        Pursuant to the order of the Court adopting the findings,
conclusions and recommendations of the United States Magistrate Judge,

        A permanent injunction is granted restraining and enjoining
the plaintiff, his agents, servants, employees and attorneys and those
in active concert or participation with them, from recording or filing
a lien or claim of lien, or lis pendens, with any County Recorder's
Office in this state in connection with any defendant in this action
or such party's counsel.

        The defendants' motion to dismiss the First Amended
Complaint is granted; and

        This action is dismissed with prejudice.

Dated:

                                        J. SPENCER LETTS
                                        United States District Judge

Docketed
Mld copy Ptys
Mld Notice Ptys

JUN 27    **THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).**



Westlaw.

100 F.3d 964
100 F.3d 964, 1996 WL 654428 (C.A.9 (Cal.))
**(Table, Text in WESTLAW), Unpublished Disposition**
**100 F.3d 964, (C.A.9 (Cal.))1996 WL 654428**

**C**
Rogers v. Takasugi
C.A.9 (Cal.),1996.
NOTICE: THIS IS AN UNPUBLISHED OPIN-
ION.(The Court's decision is referenced in a "Table
of Decisions Without Reported Opinions" appear-
ing in the Federal Reporter. Use FI CTA9 Rule
36-3 for rules regarding the citation of unpublished
opinions.)
United States Court of Appeals, Ninth Circuit.
Gerald L. ROGERS, Petitioner-Appellant,
v.
Robert M. TAKASUGI; Steven V. Wilson; John
Does; David V. Kenyon; Betty B. Fletcher; Cecil F.
Poole; David R. Thompson; Sherman Finesilver;
Stephanie K. Seymour; John P. Moore; J. Spencer
Letts; Volney Brown, Respondents-Appellees.
No. 95-56054.

Submitted Nov. 5, 1996.[FN*]

FN* The panel unanimously finds this case
suitable for decision without oral argu-
ment. *See*Fed.R.App.P. 34(a); 9th Cir.R.
34-4.

Decided Nov. 08, 1996.

Appeal from the United States District Court for the
Central District of California, No. CV-
94-07957-JSL; J. Spencer Letts, District Judge,
Presiding.
C.D.Cal.

DISMISSED IN PART, AFFIRMED IN PART.

Before: PREGERSON, REINHARDT, and T.G.
NELSON, Circuit Judges.

MEMORANDUM [FN**]

FN** This disposition is not appropriate
for publication and may not be cited to or
by the courts of this circuit except as

provided by 9th Cir.R. 36-3.

*1 Gerald J. Rogers, a federal prisoner, appeals pro
se the district court's pre-filing review order declar-
ing Rogers a vexatious litigant. We have jurisdic-
tion pursuant to 28 U.S.C. § 1291. We grant Ro-
gers's motion to dismiss individual defendants,
leaving the vexatious litigant order as the only issue
on appeal.

We review the district court's pre-filing review or-
der for abuse of discretion, *see Moy v. United
States,* 906 F.2d 467, 469 (9th Cir.1990), and we
affirm.

Rogers contends that the district court erred in en-
tering a pre-filing review order. This contention
lacks merit.

Before a district court issues a pre-filing review or-
der: (1) the plaintiff must be given notice and the
opportunity to oppose the order; (2) the district
court must provide an adequate record for review;
(3) the district court must make substantive find-
ings of a pattern of harassment; and (4) the order
must be narrowly tailored to curb the abuses of the
particular litigant. *See De Long v. Hennessey,* 912
F.2d 1144, 1147-48 (9th Cir.), *cert. denied,*498 U.S.
1001 (1990).

Here, the district court met these requirements.
First, Rogers was given notice and an opportunity
to oppose the order. *See id.* at 1147. Judges Takas-
ugi and Wilson filed a motion for an order declar-
ing the plaintiff to be a vexatious litigant on
December 12, 1994. Then the nine additional de-
fendants filed a motion to declare the plaintiff a
vexatious litigant on April 11, 1995. Finally, the re-
port and recommendation of the magistrate judge
was filed on May 9, 1995, recommending that the
court declare Rogers a vexatious litigant and issue a
pre-filing review order. Rogers was given oppor-
tunities to oppose the order as he filed his opposi-
tions to the order on May 24, 1995, and January 9,

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

100 F.3d 964                                                                           Page 2
100 F.3d 964, 1996 WL 654428 (C.A.9 (Cal.))
(Table, Text in WESTLAW), Unpublished Disposition
100 F.3d 964, (C.A.9 (Cal.))1996 WL 654428

1995.

Second, the district court provided an adequate record for review. *See id.* at 1147-48. The district court listed all the cases and motions that led the court to conclude that a vexatious litigant order was needed.

Third, the district court made substantive findings as to the frivolous or harassing nature of Rogers's actions. *See id.* at 1148. The district court concluded that Rogers's filings demonstrated a pattern of harassment. The district court concluded that Rogers's three actions arose from the same set of facts, and that the number and content of the lawsuits indicated an intention to harass.

Finally, the district court's order is narrowly tailored. *See id.* The district court's pre-filing review order restricts Rogers from filing future actions asserting claims arising out of his criminal convictions or the related civil actions filed in this district, unless he can demonstrate that his criminal convictions have been invalidated under *Heck v. Humphrey,* 114 S.Ct. 2364 (1994).

Accordingly, we grant Rogers's motion to dismiss the individual defendants and affirm the district court's pre-filing review order.[FN1] Each party shall bear its own costs on appeal.

> FN1. Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal.

*2 DISMISSED in part and AFFIRMED in part.

C.A.9 (Cal.),1996.
Rogers v. Takasugi
100 F.3d 964, 1996 WL 654428 (C.A.9 (Cal.))

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|                                           |     |                                |
|-------------------------------------------|-----|--------------------------------|
| GERALD L. ROGERS,                         | )   |                                |
|                                           | )   |                                |
| Plaintiff,                                | )   |                                |
|                                           | )   |                                |
| v.                                        | )   | Case Number:  1:07CV0687 (RMC) |
|                                           | )   |                                |
| HARVEY L. PITT, Chairman, Securities      | )   |                                |
| and Exchange Commission, et al.,          | )   |                                |
|                                           | )   |                                |
| Defendants.                               | )   |                                |

_____ )

## ORDER

Upon consideration of Defendants' Motion To Amend The Court's Order Granting Plaintiff's Motion For Leave To Appeal In Forma Pauperis, And Memorandum Of Points And Authorities In Support Thereof and Plaintiff's "Motion For Leave To Proceed On Appeal In Forma Pauperis," for the reasons set forth by Defendants, and based upon the entire record herein, it is this_____ day of _____, 2008

ORDERED that Defendants' Motion To Amend The Court's Order Granting Plaintiff's Motion For Leave To Appeal In Forma Pauperis, And Memorandum Of Points And Authorities In Support Thereof should be and is hereby granted.  Plaintiff is ineligible for in forma pauperis status in light of the fact that he has "on 3 or more prior occasions, while incarcerated . . ., brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" and Plaintiff has made no showing that he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  And it is,

FURTHER ORDERED that Plaintiff's "Motion For Leave To Proceed On Appeal In

Forma Pauperis" should be and is hereby DENIED, and that this Court's July 21, 2008 Minute

Order be amended to reflect the denial of leave to proceed In Forma Pauperis.


_____

UNITED STATES DISTRICT JUDGE


ROBIN M. MERIWEATHER
Assistant United States Attorney
Judiciary Center, Civil Division
555 4th Street, N.W.
Washington, DC 20530

GERALD L. ROGERS
# 12327-086
POB 6000
Sheridan, OR 97378