UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GERALD L. ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-687 (RMC) |
| | ) | |
| HARVEY LLOYD PITT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Defendants move for reconsideration of the Order of July 21, 2008, granting Plaintiff Gerald L. Rogers's motion for leave to appeal *in forma pauperis* ("IFP"). They assert that the order should be vacated because Mr. Rogers is barred from proceeding IFP in federal court by the so-called three-strike provision, which states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Defendants proffer three cases, two of which were clearly dismissed on § 1915(g) grounds and summarily affirmed. *See* Def.'s Exs. 1 & 2. Defendants' third case, however, is insufficient evidence of a strike as defined by the United States Court of Appeals for the District of Columbia Circuit. By adopting the Report and Recommendation of the United States Magistrate Judge, the Central District of California dismissed Plaintiff's case on several grounds, namely, judicial immunity, "lack of cognizability of the claims to the extent the first amended complaint challenges the plaintiff's underlying convictions," and lack of personal jurisdiction as to certain defendants. Def.'s Ex. 3 (*Rogers v. Takasugi*, No. 94-7957, Report and Recommendation filed May

9, 1995 at 11; Order adopting Recommendation filed June 26, 1995). "If [as here] at least one claim within an action or appeal falls outside section 1915(g), the action or appeal does not count as a strike." *Thompson v. DEA*, 492 F.3d 428, 440 (D.C. Cir. 2007). Moreover, "[a]ppellate affirmances do not count as strikes unless the court expressly states that the appeal itself was frivolous, malicious or failed to state a claim." *Id*. The D.C. Circuit made no such finding in summarily affirming the two dismissals constituting strikes. *See* Defs.' Exs. 1 & 2. Defendants therefore have not demonstrated that Mr. Rogers is subject to the three-strike rule.

Alternatively, Defendants invite this Court to look to "the past vexationess practiced by Plaintiff," Defs.' Mem. at 4, and exercise its discretion to vacate Mr. Rogers's IFP status, apparently based on his litigation history that prompted the Central District of California to issue in June 1995 a "narrowly tailored . . . pre-filing review order" that restricts Mr. Rogers's ability to file actions "in [that] district." *Rogers v. Takasugi*, 100 F.3d 964 (9th Cir. 1996). In addition, Defendants invite this Court to deny Mr. Rogers's IFP status by certifying pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith. In the absence of a showing that Mr. Rogers has been a vexatious litigator in this judicial district, or a basis for certification under § 1915(a)(3), the Court declines Defendants' invitation.[1] Accordingly, it is

**ORDERED** that Defendants' motion to amend the order granting Mr. Rogers's motion for leave to appeal *in forma pauperis* [Dkt. No. 34] is **DENIED**.

Date: July 29, 2008

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[1] A search of the Court's dockets identified six cases filed by Mr. Rogers, including this one and the two strikes supporting the current motion. *Cf. Thompson*, 492 F.3d at 439 ("six actions and appeals over the course of roughly nine years . . . falls substantially short of being abusive").